Fonda D. BROWN, Alphonso Adams,
and Angela D. Napier,
Petitioners,

v.

DEPARTMENT OF VETERANS
AFFAIRS, Respondent.

Nos. 00–3278, 00–3313, 00–3314.

United States Court of Appeals,
Federal Circuit.

April 18, 2001.

Renate Klass, Marten, Ice, Geary, Klass, Legghio, Israel & Gorchow, P.C., of Southfield, MI, for petitioners.

Kyle Chadwick, Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC, for respondent. With him on the brief were David M. Cohen, Director; and Mark A. Melnick, Assistant Director.

Before MICHEL, GAJARSA, and DYK, Circuit Judges.

GAJARSA, Circuit Judge.

Petitioners seek review of the final decision of the Merit Systems Protection Board ("Board") denying their petitions for remedial action claiming that the Department of Veterans Affairs ("DVA") violated veterans' preference law when it failed to select them for promotion to a position within the DVA. Because petitioners have not stated a claim upon which a request for relief can be granted, this court affirms.

## I. BACKGROUND

Ms. Brown is a DVA Medical Clerk, GS–05, at the DVA Medical Center in Detroit,

Michigan. She has been employed by the DVA since 1992, and is a disabled veteran entitled to a ten-point veterans' preference. In April of 1999, Ms. Brown applied for a promotion to the position of Program Support Assistant, GS–05/06, within the DVA. On June 28, 1999, the DVA informed Ms. Brown that, although she was qualified for the position, she had not been selected. It is uncontested that the DVA did not accord Ms. Brown any veterans' preference points when it considered her application.

Ms. Napier is a Lead Secretary, GS–5, at the DVA Medical Center in Detroit, Michigan. In February of 1999, Ms. Napier applied for a promotion to the position of Contract Specialist, GS–1102–5/11. On April 6, 1999, the DVA informed Ms. Napier that, although she was qualified for the position, she had not been selected. It is uncontested that the DVA did not accord Ms. Napier any veterans' preference points when it considered her application.

Mr. Adams is a DVA Police Officer, GS–083–6, at the DVA Medical Center in Detroit, Michigan. In April of 1999, Mr. Adams applied for a promotion to the position of Supervisory Police Officer, GS–083–8. On May 17, 1999, the DVA informed Mr. Adams that he would not be considered for the position because he did not meet time and grade requirements.

The petitioners filed petitions for remedial action with the Merit Systems Protection Board, claiming that the DVA disregarded their preferred status in violation of veterans' preference law. Petitioners alleged that the DVA violated numerous statutory provisions regarding veterans' preference, including 38 U.S.C. § 4214(a). On January 28, 2000, an administrative judge ("AJ") of the Board held that Ms. Brown is not entitled to any preference "when seeking promotions or transfers within a department of the government."

*Brown v. Dep't of Veterans Affairs,* No. CH–3443–00–0214–I–1, slip. op. at 2 (MSPB Jan. 28, 2000) (citing *Champion v. Tenn. Valley Auth.,* 21 M.S.P.R. 561, 562 (1984)). The AJ concluded that veterans receive preference only when "seeking initial appointment or retention in employment." *Id.* Similarly, on February 16, 2000, an AJ held that neither Ms. Napier nor Mr. Brown are entitled to any preference because they sought promotions. *Napier v. Dep't of Veterans Affairs,* No. CH–3443–99–0624–I–1, slip. op. at 2 (MSPB Feb. 16, 2000); *Adams v. Dep't of Veterans Affairs,* No. CH–3443–99–0623–I–1, slip. op. at 2 (MSPB Feb. 16, 2000). Petitioners appeal these final decisions.

## II. STANDARD OF REVIEW

■ This court's scope of review over decisions of the Board is limited by statute. We must affirm the decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994); *Cheeseman v. Office of Personnel Mgmt.,* 791 F.2d 138, 140 (Fed.Cir.1986).

## III. DISCUSSION

■ Petitioners argue that the Board improperly interpreted 38 U.S.C. § 4214(a) by holding that veterans do not receive preference "when seeking promotions or transfers." This statutory provision reads:

It is, therefore, the policy of the United States and the purpose of this section to promote the maximum employment and job advancement opportunities within the Federal Government for disabled veterans. . . .

38 U.S.C. § 4214(a)(1) (1994). Petitioners argue that Congress intended to give vet-

erans preference in promotions because the statute calls for the "maximum employment and job advancement opportunities." Moreover, the petitioners claim that the Board improperly relied on *Champion* because *Champion* "did not address the meaning of Section 4214(a) nor did it involve a disabled veteran." The petitioners also assert that the Board failed to examine other statutory and regulatory provisions, including a regulation promulgated by the Office of Personnel Management stating that, "federal agencies have the responsibility to provide the maximum of employment and job advancement opportunities to eligible veterans ... who are qualified for such employment and advancement." 5 C.F.R. § 307.102 (2000).

■ There can be no dispute that the granting of preference to veterans in certain aspects of public employment is an established principle of law. *Crowley v. United States*, 208 Ct.Cl. 415, 527 F.2d 1176, 1182 (1975). Indeed, under the Veterans' Preference Act of 1944, 58 Stat. 387 ("VPA"), veterans may be accorded special point and service credit preferences. However, veterans are not accorded limitless rights and benefits. *Crowley*, 527 F.2d at 1182. In *Crowley*, the Court of Claims declined to accord veterans' preference under the VPA stating, "[t]here is perhaps no principle more settled in this area of the law than that promotion and non-promotion of employees within a department or agency of Government is a matter of supervisory discretion not ordinarily subject to judicial review." *Id.* at 1184. In *Champion*, the Board also declined to accord veterans' preference under the VPA, and determined that "promotion and non-promotion, transfer and non-transfer of employees within a department of government is a matter of supervisory discretion and not ordinarily subject to judicial review." 21 M.S.P.R. at 562.

Courts also have determined that, under the VPA, veterans' preference "does not apply to an employee's transfer or other intra-agency movement." *Bates v. Runyon*, 97 F.3d 1464, 1464 (10th Cir.1996); *see also Glenn v. United States Postal Serv.*, 939 F.2d 1516, 1523 (11th Cir.1991) ("[V]eterans' preference only applies to initial employment, not to movement of an incumbent employee from one job to another within an agency."); *Stephens v. Coleman*, 712 F.Supp. 1571, 1581–82 (N.D.Ga.1989) ("[N]either the [VPA] nor the regulations promulgated thereunder accord veterans preferential treatment in promotions."). We affirm the proposition established in *Crowley*, namely, that veterans are not accorded any preference under the VPA when seeking promotion or intra-agency transfers.

Moreover, reliance on 38 U.S.C. § 4214(a) does not salvage petitioners' argument. This statutory provision was enacted as part of the Vietnam Era Veterans' Readjustment Assistance Act of 1974, 88 Stat. 1593 ("VEVRAA"). Congress originally enacted VEVRAA to guarantee the rights of employees called into military service to return to their old jobs, and to require certain employers to take affirmative action to provide employment opportunities for veterans of the Vietnam War era. 38 U.S.C. § 4214. It is true that VEVRAA describes the policy of the United States as promoting veterans' "employment and job advancement opportunities within the federal government." 38 U.S.C. § 4214(a)(1). However, VEVRAA, like the VPA, accords veterans' preference only for initial employment. Congress specifically limited the preferences provided by this provision to "appointments." 38 U.S.C. § 4214(b)(1). Indeed, the agency regulations enacted pursuant to this section deal exclusively with "appointments." 5 C.F.R. § 307. "The scope of veterans' preference cannot be enlarged by the fiction of treat-

ing within-agency movement as initial employment." *Glenn*, 939 F.2d at 1523. The general statement of purpose recited in 38 U.S.C. § 4214(a)(1) does not persuade us otherwise.

Neither the VPA nor VEVRAA accord veterans' preference for promotions and intra-agency transfers. Therefore, the Board correctly determined that petitioners failed to state a claim upon which a request for relief can be granted.

### IV.  CONCLUSION

For these reasons, the final decision of the Board is *AFFIRMED*.

### COSTS

No costs.