NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3209

ARTHUR L. DAVIS,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED: December 10, 2004

_____

Before MAYER, Chief Judge, CLEVENGER and LINN, Circuit Judges.

PER CURIAM.

Arthur L. Davis appeals the decision of the Merit Systems Protection Board, which denied Davis' claim that the Department of Veterans Affairs ("DVA") violated both the Veterans Employment Opportunities Act of 1988 and the Uniformed Service Employment and Reemployment Rights Act of 1994 ("USERRA") when it refused to reinstate him. Davis v. Dep't of Veterans Affairs, CH-3443-02-0743-I-1 (MSPB March 19, 2003). We affirm.

On appeal, Davis claims that the board erred by denying, inter alia, his: (1) discovery requests; (2) motion to amend his complaint; and (3) right to due process.

We are unable, however, to discern any abuse of discretion in the board's procedural decisions. See Curtain v. Office of Pers. Mgmt., 846 F.2d 1373, 1378-79 (Fed. Cir. 1988). Davis also claims that the board erred by holding that the DVA's collective bargaining agreement does not conflict with any statute. Again, we are unable to discern any error in the board's decision because Davis was applying for reinstatement as opposed to initial employment. See Brown v. Dep't of Veterans Affairs, 247 F.3d 1222, 1225 (Fed. Cir. 2001) (preference eligibility applies only to initial employment). Finally, Davis argues that the board erred in denying his assertion that the DVA discriminated against him based on his prior service in the Marine Corps. In this regard, the board made several factual findings, including that Davis' service was remote, DVA relied on its collective bargaining agreement, and that 28% of the DVA's workforce are veterans. These findings are supported by substantial evidence and, therefore, the board was correct to deny Davis' USERRA claim. See 5 U.S.C. § 7703(c) (2000); Jones v. Dep't of Transp., 295 F.3d 1298, 1304 (Fed. Cir. 2002).