NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3169

DAVID J. DICKMAN,

Petitioner,

v.

DEPARTMENT OF TRANSPORTATION,

Respondent.

_____

DECIDED:  August 10, 2005

_____

Before NEWMAN, Circuit Judge, ARCHER, Senior Circuit Judge, and SCHALL, Circuit Judge.

PER CURIAM.

David J. Dickman ("Dickman") appeals the Merit Systems Protection Board's ("Board") decision denying his petition for remedial action with regard to veterans' preference rights.  Dickman v. Dept of Transp. No. CH-3443-04-0161-I-1 (M.S.P.B. July 26, 2004).  We affirm.

Dickman is an Airway Transportation Systems Specialist with the Federal Aviation Administration ("FAA" or "agency") in Harlingen, Texas.  On August 25, 2003, Dickman applied for the higher level position of Airway Transportation Specialist.  The Personnel Management Specialist evaluating Dickman's application determined that Dickman did not meet the requisite qualification standard.  A subject matter expert also reviewed Dickman's application, reaching the same conclusion.  As a result, Dickman's

application was not considered any further, and he was not afforded veterans' preference.

Dickman sought relief from the Department of Labor which was denied. Dickman then appealed to the Board. An Administrative Judge ("AJ") explained that the Board lacked jurisdiction over his non-selection for the Airways Transportation Specialist position, including the determination of whether Dickman was qualified for the position. The AJ also found that because Dickman was rated not qualified for the position he had not established that the agency violated his veterans' preference rights. Alternatively, the AJ determined that even if Dickman was qualified for the position, he was not entitled to veterans' preference because the action he was seeking was a promotion and veterans' preference does not apply to promotions. Because Dickman was seeking appointment to a position that was equivalent to a GS-13 position, the AJ also found that he was not entitled to a veterans' readjustment appointment pursuant to 38 U.S.C. § 4214. The AJ also determined that the FAA did not violate Dickman's veterans preference rights by failing to follow the pass-over requirements of 5 U.S.C. § 3318(b). Finally, given that the FAA has a Disabled Veterans Affirmative Action plan, the AJ ruled that Dickman had not shown that the agency violated his veterans preference rights under 5 C.F.R. Part 720.

The full Board denied Dickman's petition for review, and the AJ's decision became final. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary,

capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C § 7703(c).

In a Veterans Employment Opportunities Act ("VEOA") petition for relief, a preference-eligible may appeal to the Board after seeking resolution from the Secretary of Labor for an alleged violation of a statute or regulation regarding veterans' preference. See 5 U.S.C. § 3330a. However, the Board's jurisdiction is limited to an alleged violation of veterans' preference rights and not the merits of the non-selection. See 5 U.S.C. § 7512; see also Ramsey v. Office of Pers. Mgmt., 87 M.S.P.R. 98, 102 (2000) ("The plain language of the [VEOA] only prohibits an agency from denying a preference eligible or veteran the opportunity to compete; it does not provide that veterans will be considered eligible for positions for which they are not qualified."). Accordingly, to the extent Dickman argues that he should have been considered qualified for the Airways Transportation Specialist position, the AJ was correct in her finding that the Board lacked jurisdiction to address that issue.

Dickman also argues that the FAA violated his veterans' preference rights by not following specific statutes. However, as the AJ noted, 5 C.F.R. § 211.102(c) explains that veterans' preference does not apply to promotions. See Brown v. Dep't of Veterans Affairs, 247 F.3d 1222, 1224-25 (Fed. Cir. 2001) ("We affirm the proposition established in Crowley, namely, that veterans are not accorded any preference under the [laws of veterans' preference] when seeking promotion or intra-agency transfers."). The position Dickman applied for was a promotion, and therefore veterans' preference was unavailable to him.

Accordingly, we affirm the Board's decision.