NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3141

KRISTY R. MACLEOD,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Kristy R. MacLeod, of West Haven, Connecticut, pro se.

Anuj Vohra, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Reginald T. Blades, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3141

KRISTY R. MACLEOD,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Petition for review of the Merit Systems Protection Board in PH3443070183-I-1.

_____

DECIDED: June 5, 2008

_____

Before MICHEL, <u>Chief Judge</u>, LINN, <u>Circuit Judge</u>, and ZAGEL, <u>District Judge</u>.[*]

PER CURIAM.

Petitioner Kristy R. MacLeod petitions for review of a final order of the Merit Systems Protection Board ("Board") denying her corrective action under the Veterans Employment Opportunities Act ("VEOA"). <u>MacLeod v. Dep't of Veterans Affairs</u>, No. PH-3443-07-0183-I-1 (May 1, 2007) ("<u>Initial Decision</u>"); <u>MacLeod v. Dep't of Veterans Affairs</u>, No. PH-3443-07-0183-I-1 (Dec. 6, 2007) ("<u>Final Order</u>"). We <u>affirm</u> the decision of the Board.

---

[*] Honorable James B. Zagel, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

## I. BACKGROUND

MacLeod is the wife of a service-connected disabled veteran. Initial Decision at 2. Her husband has been unable to qualify for any appointment in the civil service or in the government of the District of Columbia. Id. MacLeod is therefore "preference eligible" under the VEOA. See 5 U.S.C. § 2108(3)(E).

On August 23, 2006, the Veterans Administration ("VA") issued two announcements for the position of Voluntary Services Officer (GS-301-13) in the VA Connecticut Healthcare System. The first announcement was entitled "PROMOTION ANNOUNCEMENT" and stated that it was "a solicitation for applications from current VA employees for competitive promotion consideration." Resp't's Appx. 16. The Promotion Announcement indicated that it was "OPEN TO ALL SOURCES," meaning that certain eligible non-VA employees could apply, including applicants eligible as a result of "special appointing authorities such as those for disabled veterans." Id. The second announcement was entitled "VACANCY ANNOUNCEMENT," stated that it was "OPEN TO ALL US CITIZENS," and was posted on the USAJOBS website. Id. at 17.

MacLeod submitted an application in response to the Vacancy Announcement. Initial Decision at 3. The VA issued three separate Merit Promotion Certificates listing candidates who were qualified for the Voluntary Services Officer position, either because they were current VA employees eligible for promotion or transfer, or because they were "preference eligible" under the VEOA. MacLeod's name appeared on one of these certificates. The VA also generated a Certificate of Eligibles, listing three candidates for the position who were neither current VA employees nor otherwise eligible to apply under the Promotion Announcement, but who could have applied under the Vacancy Announcement.

The VA interviewed and rated the candidates and did not select MacLeod for the position. Id. Instead, the VA selected a current VA employee who transferred from a different VA facility. Id. at 3-4. This selection was reflected on a Merit Promotion Certificate.

MacLeod filed a complaint under the VEOA with the Department of Labor. Id. at 2. The Department found her complaint to be without merit, and MacLeod appealed to the Board. Id. at 1. An administrative judge of the Board denied the appeal, id. at 2, and the Board denied MacLeod's petition for review, Final Order at 2-3. MacLeod petitioned this court for review.

We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9). "Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence." Abell v. Dep't of the Navy, 343 F.3d 1378, 1382-83 (Fed. Cir. 2003) (citing 5 U.S.C. § 7703(c)).

## II. DISCUSSION

As we explained in Joseph v. Federal Trade Commission, "[f]ederal agencies generally use two types of selection to fill vacancies: (1) the open 'competitive examination' process and (2) the 'merit promotion' process." 505 F.3d 1380, 1381 (Fed. Cir. 2007) (citing 5 C.F.R. §§ 330.101, 332.101, 335.103 (2007)). The "competitive examination" process is typically open to the public and is used to select and review applicants who are not currently agency employees. Id. By contrast, "[t]he merit promotion process is used when the position is to be filled by an employee of the

agency or by an applicant from outside the agency who has 'status' in the competitive service." Id. at 1382 (citing 5 C.F.R. § 335.103(b)(1)).

Veterans and other "preference eligible" persons under the VEOA are given special advantages in both the "competitive examination" process and the "merit promotion" process. Id. at 1381-82. However, the type of advantage that the veteran or "preference eligible" person receives depends on which process is used. In the "competitive examination" process, additional points are added to the final rating scores of "preference eligible" applicants, and "preference eligible" applicants are ranked ahead of other applicants who have the same score. Id. at 1381. By contrast, in the "merit promotion" process, the special advantage that a "preference eligible" person gets is simply the "opportunity to apply" for vacancies that are otherwise open only to current agency employees:

> Congress has provided . . . that "for all merit promotion announcements . . . veterans . . . are eligible to apply." 5 U.S.C. §§ 3304(f)(3)-(4). Veterans "may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures." 5 U.S.C. § 3304(f)(1).

Id. at 1382; see also Abell, 343 F.3d at 1383 ("The VEOA ensures that a preference eligible veteran . . . has the opportunity to apply for [merit promotion] vacancies.")

We have expressly held that when an agency uses the "merit promotion" process, a "preference eligible" person is entitled only to the right to compete, not to the point and ranking preferences that would have applied if the agency had used the "competitive examination" process. See Joseph, 505 F.3d at 1382 ("Veterans' point preferences under the competitive appointment process do not apply in the merit promotion process."); Abell, 343 F.3d at 1383 ("In other words, the VEOA gave [the

veteran] the right to apply for the three vacant positions announced by the [agency]. However, the VEOA did not ensure that his application would be successful.").

Moreover, an agency is permitted to seek applicants for a position under both the "merit promotion" procedure and the "competitive examination" procedure, but then ultimately fill the position using the "merit promotion" procedure:

> [The veteran] received his ten point veterans' preference under the competitive examination procedure, but the [agency] then decided to make the appointment under the alternative merit promotion procedure. We know of no statute or regulatory provision that required the [agency], once it undertook to inaugurate the selection process by following the alternative procedure, to limit itself to the competitive examination process in making its final selection. As the Board pointed out in this case, "[a]n agency has the discretion to fill a vacant position by any authorized method."

Joseph, 505 F.3d at 1384 (quoting Joseph v. Fed. Trade Comm'n, 103 M.S.P.R. 684, 689 (2006)). When an agency conducts "simultaneous parallel procedures under the competitive examination and merit promotion processes" but ultimately fills the position using the "merit promotion" process, a "preference eligible" person is entitled only to the opportunity to compete, not to point or ranking preferences. Id. at 1384-85; Abell, 343 F.3d at 1383.

In this case, it is clear from the record that the VA ultimately filled the Voluntary Services Officer position using the "merit promotion" process, not the "competitive examination" process. Specifically, the Promotion Announcement demonstrated the VA's intent to proceed under the "merit promotion" process, and the VA finalized its selection of a candidate by issuing a Merit Promotion Certificate that listed qualified candidates "[i]n accordance with the procedures of the Merit Promotion Plan." Pet'r's Appx. Tab 5, at C-1. The VA therefore satisfied its obligations under the VEOA by allowing MacLeod to compete in the "merit promotion" process.

We have considered each of MacLeod's arguments to the contrary but do not find them persuasive. We briefly address three of those arguments here. First, MacLeod argues that the Vacancy Announcement posted on USAJOBS demonstrates that the VA was proceeding under the "competitive examination" process, because it was listed as "OPEN TO ALL US CITIZENS." At most, this second announcement shows that the VA used "simultaneous parallel procedures under the competitive examination and merit promotion processes." Joseph, 505 F.3d at 1384. It does not change the fact that the VA ultimately used the "merit promotion" process to fill the position.

Second, relying on Brown v. Department of Veterans Affairs, 247 F.3d 1222 (Fed. Cir. 2001), MacLeod argues that a "preference eligible" person "seeking initial appointment or retention in employment" is entitled to preferential treatment over an existing agency employee seeking a transfer or promotion. See id. at 1223 ("The AJ concluded that veterans receive preference only when 'seeking initial appointment or retention in employment.'"). Brown held simply that a "preference eligible" person that is already employed by an agency is not entitled to preferential treatment when seeking promotion or retention. Id. at 1224. It said nothing about the comparative treatment of "preference eligible" non-employees and agency employees seeking to compete for a position under the "merit promotion" process. As we held in Joseph, the point and ranking preferences to which a "preference eligible" person is entitled when "seeking initial appointment" are only applicable when an agency uses "competitive examination" to fill a position. 505 F.3d at 1382.

Finally, MacLeod argues that the Board conducted a "cursory review" of the findings of the administrative judge. The Board made the decision of the administrative judge final by denying MacLeod's petition for review. See Final Order at 3 ("The initial decision of the administrative judge is final. This is the Board's final decision in this matter."); see also 5 C.F.R. § 1201.113(b) ("If the Board denies all petitions for review, the initial decision will become final when the Board issues its last decision denying a petition for review."). The Board also made clear that it "fully consider[ed] the filings" in reaching its decision. Final Order at 2. We see nothing in the record to suggest that MacLeod's arguments were not fully and fairly considered by the Board.

## III. CONCLUSION

For the foregoing reasons, we affirm the order of the Board.

## COSTS

No costs.