NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LOUIS A. LODGE,**
*Petitioner,*

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**
*Respondent.*

---

2010-3076

---

Petition for review of the Merit Systems Protection Board in Case No. AT4324090911-I-1.

---

Decided: August 10, 2010

---

LOUIS A. LODGE, of Atlanta, Georgia, pro se.

MICHAEL GOODMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and HAROLD D. LESTER, JR., Assistant Director.

_____

Before RADER, *Chief Judge*, LOURIE and PROST, *Circuit
Judges.*

PER CURIAM.

Louis A. Lodge ("Lodge") petitions for review of the fi-
nal decision of the Merit Systems Protection Board ("the
Board") denying his request for corrective action under
the Uniformed Services Employment and Reemployment
Rights Act of 1994 ("USERRA"). We *affirm*.

BACKGROUND

On July 7, 2009, the Equal Employment Opportunity
Commission ("EEOC" or "Agency") posted two vacancy
announcements, an open competition announcement and
a merit promotion announcement, for the same Program
Assistant position in its Atlanta District Office. On July
8, 2009, Terri Cook ("Cook"), an employee in the Atlanta
District Office, submitted an application to the open
competition. Her application indicated her prior military
service and her eligibility for ten veterans' preference
points. On July 12, 2009, Lodge also submitted an appli-
cation to the open competition. His application similarly
indicated his prior military service and his eligibility for
ten veterans' preference points.

After the competitions closed, a list of the best eligible
candidates for the open competition was submitted to
Bernice Williams-Kimbrough, the Director of the Atlanta
District Office. The list included the names of both Lodge
and Cook along with the names of twenty-eight other
candidates, all of whom were assigned veterans' prefer-
ence. On September 14, 2009, Williams-Kimbrough
selected Cook for the position, and Cook signed a Declara-

tion of Federal Employment that same day. On September 16, 2009, Henry Wesloski, the District Resource Manager in the Atlanta District Office, sent an e-mail requesting clearance to hire Cook. Approval was given on September 25, 2009, and Williams-Kimbrough finalized Cook's selection for the position on October 1, 2009.

Lodge filed an appeal with the Board under USERRA alleging that his prior military service was a substantial or motivating factor in the Agency's decision not to select him for the Program Assistant vacancy. Lodge later amended his appeal to include a claim that the filing of his appeal was a substantial or motivating factor in the Agency's decision not to select him for the position. Receipt of the initial complaint was acknowledged on September 8, 2009.

In an initial decision dated December 24, 2009, the administrative judge ("AJ") held that Lodge had failed to show that either his prior military service or his filing an appeal with the Board was a substantial or motivating factor in the EEOC's decision not to select him for the Program Assistant position. In rejecting Lodge's discrimination claim, the AJ relied on the fact that all the candidates on the competitive list were preference-eligible veterans and that the selectee, Cook, like Lodge, had performed prior military service. The AJ also credited the testimony of Williams-Kimbrough and Wesloski that Lodge's military service had not affected the selection process and rejected Lodge's assertion that Cook's employment status with the Agency precluded her from claiming veterans' preference when competing on a competitive list. Regarding Lodge's retaliation claim, the AJ held that Lodge had failed to establish that any Agency official involved in the selection process was aware of Lodge's appeal. Rather, the AJ credited Williams-

Kimbrough and Wesloski's testimony that they did not learn of Lodge's appeal until after the decision to hire Cook was made on September 14, 2009.

The initial decision became final on January 28, 2010. Lodge timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

## DISCUSSION

We must affirm a Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). To prevail on his discrimination or retaliation claim under USERRA, Lodge must prove by a preponderance of the evidence (1) that his membership or performance of service in a uniformed service of the United States was a substantial or motivating factor in the Agency's decision to deny him initial employment, or (2) that his taking action to enforce a protection afforded him under USERRA was a substantial or motivating factor in the Agency's decision. 38 U.S.C. § 4311(a), (b).

Lodge challenges the Board's decision on multiple grounds. With regard to his discrimination claim, Lodge argues that the Agency, and specifically HR Manager and ADR Supervisor Rosemary Rhodes, unlawfully preselected Cook for the Program Assistant position based on friendship rather than qualifications. Lodge cites as evidence the fact that the Agency did not conduct any interviews for the position and specifically did not interview him. Lodge also argues that the Agency should not have given Cook the benefit of veterans' preference because she was already employed at the Agency, making

her selection not an initial hiring, but an intra-agency promotion not subject to veterans' preference under *Brown v. Department of Veterans Affairs*, 247 F.3d 1222 (Fed. Cir. 2001). With regard to his retaliation claim, Lodge argues that because he hand delivered a copy of his complaint to the Atlanta Office on September 3, 2009, the Agency was on notice and Director Williams-Kimbrough was most likely aware of his appeal prior to Cook's selection.

The government responds that the Board correctly held that Lodge had failed to establish discrimination under USERRA in light of the past military service of selectee Cook, who was properly afforded veterans' preference in the Agency's open competitive selection process. The government also argues that the EEOC properly selected Cook for the Program Assistant position, but regardless, Lodge's allegation of pre-selection fails to state a claim under USERRA because Lodge has not identified any evidence that the pre-selection related to his military service. Finally, with regard to Lodge's retaliation claim, the government argues that there is substantial evidence to support the Board's decision that Lodge had failed to show that any Agency employee involved in the selection process knew about his Board appeal prior to Cook's selection.

We agree with the government and affirm the Board's decision. Lodge's allegation that an Agency employee pre-selected Cook for the Program Assistant position fails to state a claim under USERRA as Lodge neither claims nor presents any evidence that the alleged pre-selection, and thus his non-selection, related to his military service. Because a claim for non-selection is not independently appealable to the Board, *Tines v. Dep't of the Air Force*, 56 M.S.P.R. 90, 93 (1992); *see also Briley v. Nat'l Archives &*

*Records Admin.*, 236 F.3d 1373, 1377 (Fed Cir. 2001), and the Board cannot take jurisdiction over a claim for a prohibited personnel practice under USERRA, *see Goldberg v. Dep't of Homeland Sec.*, 99 M.S.P.R. 660, 667 (2005), we decline to address the claim.

Lodge's sole discrimination allegation relating to military service is that Cook was not eligible for veterans' preference based on her employment status with the Agency. We disagree. The record shows that the EEOC conducted an open competition to fill the Program Assistant position and that Cook applied for the position via the open competition. Under an open competitive process, all veterans are given the benefit of their veterans' preference points, including veterans currently employed by the hiring agency. *Joseph v. Fed. Trade Comm'n*, 505 F.3d 1380, 1383 (Fed. Cir. 2007); *Perkins v. U.S. Postal Service*, 100 M.S.P.R. 48, 58-59 (2005). Contrary to Lodge's assertion, the EEOC's simultaneous announcement of the position for merit promotion, which under *Brown* is not subject to veterans' preference, 247 F.3d at 1224, did not alter Cook's entitlement to veterans' preference in the open competitive process. The entitlement is based on the hiring method used by the Agency, not the employment status of the applicant.

Regardless, Lodge's claim fails to establish that the EEOC did not select him for the position based on his military service. The Board rejected Lodge's discrimination claim based in part on the fact that all the applicants on the list of eligible candidates were preference-eligible veterans and that Cook, like Lodge, had a history of military service. As such, the Board held that Lodge had failed to establish that the Agency was motivated not to hire him based on his military service. We find no error in that decision.

Finally, regarding Lodge's retaliation claim, the Board found that no EEOC employee involved in the selection process knew of Lodge's Board appeal until after the selection of Cook had been made, and that selection occurred at least by September 16, 2009. Lodge argues that because he hand delivered his complaint to a receptionist on September 3, 2009, the Agency was on notice. It is, however, insufficient that someone at the Agency had knowledge of Lodge's appeal. Rather, Lodge had to show that an Agency employee involved in the selection process had knowledge of his appeal prior to the selection and acted based on that knowledge. The Board credited the testimony of Williams-Kimbrough and Wesloski, the employees involved in the selection process, that they did not become aware of Lodge's complaint until after Cook had been selected for the position. The Board found the employee's testimony to be truthful and found no evidence contradicting their testimony. We again see no error in the Board's decision.

We have considered Lodge's other arguments and find them unpersuasive. Accordingly, we *affirm* the Board's final order.

COSTS

No costs.