NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHERROD LEWIS BUMGARDNER, JR.,**
*Petitioner*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent*

---

2023-1713

---

Petition for review of the Merit Systems Protection Board in No. DC-3330-22-0043-I-1.

---

Decided:  May 13, 2024

---

THOMAS FRITZ MUTHER, JR., Minahan Muther Klinger, PC, Denver, CO, for petitioner.

DANIEL BERTONI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, CORINNE ANNE NIOSI.

---

Before REYNA, TARANTO, and HUGHES, *Circuit Judges*.

PER CURIAM.

Sherrod Lewis Bumgardner, Jr., is a disabled veteran who qualifies for a 10-point preference relevant to certain hiring contexts. *See* 5 U.S.C. §§ 2108, 3309. When he applied for an excepted-service attorney position in the Department of the Navy, Office of the General Counsel (OGC), he was not selected. Mr. Bumgardner unsuccessfully sought relief from the Department of Labor, asserting a violation of the Veterans Employment Opportunities Act of 1998 (VEOA), Pub. L. No. 105-339, 112 Stat. 3182 (codified as amended in part at 5 U.S.C. § 3330a). Mr. Bumgardner then appealed to the Merit Systems Protection Board, which decided that the Navy did not violate his veteran-preference rights. J.A. 1–14; *Bumgardner v. Department of the Navy*, No. DC-3330-22-0043-I-1, 2022 WL 595769 (Feb. 23, 2022). We now affirm the Board's decision.

I

In January 2021, the Navy's OGC announced an anticipated vacancy in the Office of the Assistant General Counsel (National Security Law) for an attorney to serve in the position of Counsel, Joint Force Command Norfolk. The announcement noted that the position was an excepted-service attorney position. J.A. 38. As a result, the hiring process was generally not subject to the formal veteran-preference rating system that is based on the Veterans' Preference Act of 1944 (VPA), Pub. L. No 78–359, 58 Stat. 387 (codified as amended in part at 5 U.S.C. §§ 3309–20). *See* 5 U.S.C. § 3320; 5 C.F.R. § 302.101; *Jarrard v. Department of Justice*, 669 F.3d 1320, 1322–23 (Fed. Cir. 2012).

OGC did, however, have an internal policy of giving veterans certain preferences in excepted-service attorney selection. This policy had two components. First, OGC deemed veteran-preference eligibility a positive factor at all stages of review, meaning that at each candidate-eliminating step in the review process, OGC would continue to consider borderline candidates if they were preference-

eligible veterans.  J.A. 41.  Second, when making final selections, OGC would offer a position to a preference-eligible veteran over a non-preference-eligible candidate if, based on all relevant considerations, the two were equally qualified for the position; and if multiple final candidates were preference eligible, OGC would offer the position first to disabled veterans within the 10-point-preference group (with others in that group next in line), though OGC would not otherwise use a numerical scoring system for attorney selection.  J.A. 41–42.

Mr. Bumgardner applied for the counsel position as an external candidate on January 21, 2021.  Mr. Bumgardner said in his application that he is a disabled veteran who qualifies for a 10-point preference under the preference system.  J.A. 44, 63–67.  An OGC selection panel, reviewing the applications for the position, determined that Mr. Bumgardner and one other candidate, T.R., met the minimum qualifications for the position and were significantly better qualified than all the other candidates.  Like Mr. Bumgardner, T.R. is a disabled veteran who qualifies for a 10-point preference (and so stated in his application).  J.A. 44, 246–50.  But unlike Mr. Bumgardner, T.R. was already an OGC attorney and was treated as an internal candidate.  J.A. 44.  After interviewing both Mr. Bumgardner and T.R., the selection panel unanimously determined that, while both candidates could do the job, T.R. was the better candidate.  J.A. 46–47.  On April 2, 2021, OGC selected T.R. for the counsel position based on the recommendation of the panel.  J.A. 254.

On August 16, 2021, Mr. Bumgardner filed a complaint with Labor, asserting a claim under the VEOA.  After an investigation of Mr. Bumgardner's complaint, Labor concluded that the Navy had not violated Mr. Bumgardner's veteran-preference rights because it had selected the person it believed had the most experience for the position and performed better during the interview and because the selection process for excepted-service attorneys is not subject

to the formal veteran-preference rating system.  J.A. 85–86.  Mr. Bumgardner appealed Labor's decision to the Board.

On February 23, 2022, the Board administrative judge assigned to the appeal issued an initial decision, which determined that the Navy did not violate Mr. Bumgardner's veteran-preference rights.  In particular, the administrative judge determined that "as a matter of law, [the Navy] could not have violated [Mr. Bumgardner's] veteran[-]preference rights when it selected T.R. for the position because [Mr. Bumgardner] and T.R. [were] entitled to the same exact statutory benefits under the VEOA and agency policy."  J.A. 11.  The Board then denied Mr. Bumgardner's petition for review and affirmed the administrative judge's initial decision, which thus became the final decision of the Board on January 31, 2023.  J.A. 23–24.

Mr. Bumgardner timely appealed.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

## II

Our scope of review of decisions by the Board is limited by statute.  We must affirm a decision by the Board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c); *see Brown v. Department of Veterans Affairs*, 247 F.3d 1222, 1223 (Fed. Cir. 2001).  Additionally, we review the Board's determination that an appellant is not entitled to a hearing for an abuse of discretion.  *Dean v. Department of Labor*, 808 F.3d 497, 504 (Fed. Cir. 2015) (citing 5 U.S.C. § 7703(c)).  A decision on the merits without a hearing is appropriate when there is no genuine dispute of material fact and one party must prevail as a matter of law.  *Id.* (citing *Waters-Lindo v. Department of Defense*, 112 M.S.P.R. 1, ¶ 5 (2009); 5 U.S.C. § 3330a(d)(1)).

Both Mr. Bumgardner and T.R. are disabled veterans who qualify for a 10-point preference, and thus neither was entitled to a greater statutory benefit than the other under the VEOA and agency policy. For that reason, and because the selection panel determined that T.R. overall was the better candidate, we agree with the Board that the Navy could not have violated Mr. Bumgardner's veteran-preference rights when it selected T.R. for the counsel position. Given that there is no dispute of material fact underlying that determination, the Board did not abuse its discretion by denying Mr. Bumgardner a full hearing and deciding the appeal as a matter of law based on the written record. Accordingly, we affirm.

## A

Attorney selection within the excepted service is exempt from the formal veteran-preference rating system, and agencies need only follow the principle of veteran preference as far as administratively feasible. *See* 5 U.S.C. § 3320 (requiring excepted-service selection to be in "the same manner and under the same conditions" as competitive-service selection); 5 C.F.R. § 302.101 (requiring attorney selection in the excepted service only to "follow the principle of veteran preference as far as administratively feasible"); *see also Patterson v. Department of the Interior*, 424 F.3d 1151, 1157–59 (Fed. Cir. 2005) (determining that the Office of Personnel Management acted within its delegated authority in interpreting 5 U.S.C. § 3320 and in promulgating 5 C.F.R. § 302.101). We have held that an agency's consideration of a candidate's veteran status as a "positive factor" is sufficient to find no violation of that candidate's veteran-preference rights. *Id.* at 1160; *see Jarrard*, 669 F.3d at 1323. Moreover, in the absence of clear evidence to the contrary, we presume that public officers have properly discharged their official duties. *See Miley v. Principi*, 366 F.3d 1343, 1347 (Fed. Cir. 2004).

B

Both Mr. Bumgardner and T.R. are disabled veterans who qualify for a 10-point preference, entitling them to the exact same veteran-preference benefits under the relevant law and agency policy. And both, in their applications, submitted documentation to confirm their status in that regard. On that basis, the Board concluded that the Navy's decision to give the position to T.R. as "the better candidate," J.A. 46–47, could not have violated Mr. Bumgardner's veteran-preference rights. We see no error in that conclusion.

Mr. Bumgardner argues that he and T.R. are not entitled to the exact same veteran-preference benefits, because Mr. Bumgardner was an external candidate for the counsel position entitled to veteran preference, while T.R. was an internal candidate and, as such, was not entitled to veteran preference. Bumgardner Opening Br. at 11–16. We see no such distinction under either the OGC policy or the relevant statutory and regulatory provisions.

Regarding OGC's internal policy on veteran preference in excepted-service attorney selection: Nothing in that policy compels different treatment of internal and external preference-eligible veteran candidates. The internal policy states only that OGC deems veteran-preference eligibility to be a positive factor in attorney selection at all stages of the review process and that, when making final selections, if all relevant considerations for the position are deemed equal, OGC will offer the position to a preference-eligible veteran as opposed to an equally well-qualified non-preference-eligible candidate. J.A. 41–42. That policy does not distinguish internal from external candidates having the same preference-eligible status.

It is true that the selection panel stated that "[o]nly one candidate, [Mr. Bumgardner] was deemed preference eligible and was given a positive factor," and "[t]he second candidate, [T.R.], is a current OGC attorney and is treated as

an internal selection; therefore, veteran[] preference does not apply." J.A. 44. But the premise that T.R. was not preference eligible (at the same 10-point level) is simply a mistake; it is flatly contradicted by the record evidence. *See* J.A. 246–50, 251. The Board determined that both Mr. Bumgardner and T.R. were preference eligible. J.A. 10. And there is no evidence that could undermine that determination. Accordingly, we see no basis in the agency policy for requiring OGC, in the selection process at issue here, to have recognized Mr. Bumgardner's preference-eligibility status but disregarded the same status for T.R.

Regarding the relevant statutory and regulatory provisions: Mr. Bumgardner does not identify anything in the applicable statutes and regulations, *see* 5 U.S.C. § 3320; 5 C.F.R. § 302.101, that calls for different treatment of internal and external preference-eligible veteran candidates for the same excepted-service attorney position. Nor has Mr. Bumgardner identified any precedent of this court calling for such different treatment. *See* Bumgardner Opening Br. at 11–16.

Even in competitive-service selection, we have never ruled that veteran-preference benefits apply differently to internal and external preference-eligible veteran candidates vying for the same position. What we have done, as Mr. Bumgardner points out, Bumgardner Opening Br. at 11–13, is to distinguish, in the context of competitive-service selection, between veteran-preference benefits during initial appointment to the competitive service and subsequent transfer or promotion. Thus, in *Kerner v. Department of the Interior*, we said that "[c]ourts have interpreted the [VPA] to give preference in a veteran's initial appointment to the federal civil service, but not to an employee's transfer or other intra-agency movement, such as promotions," and we also said that "[t]he text of the VEOA shows that it is intended to assist veterans in gaining access to federal civil service employment, not to give veterans preference in merit promotions." 778 F.3d 1336, 1338 (Fed. Cir.

2015).  In other words, we have differentiated, in competitive-service selection, between open-competition selection, which "generally is used for employees seeking to join the competitive service and often is used for reviewing applicants outside the agency," and merit-promotion appointment, which is "used when the position is to be filled by an employee of the agency or by an applicant from outside the agency who has 'status' in the competitive service." *Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1381–82 (Fed. Cir. 2007).  But differentiating between two distinct types of competitive-service selection to fill vacancies— open-competition selection and merit-promotion selection—is not the same as differentiating between internal and external preference-eligible veteran candidates for the same position.

We also have recognized, as Mr. Bumgardner points out, Bumgardner Opening Br. at 11–13, that in competitive-service merit-promotion selection in particular, agencies need not grant to internal preference-eligible veteran candidates each of the veteran-preference benefits that would have been available to those candidates in competitive-service open-competition selection.  *See Kerner*, 778 F.3d at 1339 (not granting an internal preference-eligible veteran candidate certain veteran-preference benefits).  But the agencies also need not grant those benefits to external preference-eligible veteran candidates.  *See Joseph*, 505 F.3d at 1383–85 (not granting an external preference-eligible veteran candidate certain veteran-preference benefits).  Moreover, the only benefit to which external preference-eligible veteran candidates in competitive-service merit-promotion selection are entitled—the opportunity to compete for vacant positions—is one to which internal preference-eligible veteran candidates are already entitled. *See* 5 U.S.C. § 3304 (reciting "[p]reference eligibles . . . may not be denied the opportunity to compete for vacant positions" but noting "[t]his subsection shall not be construed to confer an entitlement to veteran[] preference that is not

otherwise required by law"); *see also Joseph*, 505 F.3d at 1382; *Abell v. Department of the Navy*, 343 F.3d 1378, 1383–85 (Fed. Cir. 2003).

There is, in short, no persuasive support for Mr. Bumgardner's argument that the Navy was required, when faced with two candidates (like him and T.R.) having the same preference-eligible status, to deny the benefit of that status to the internal candidate while giving the benefit of that status to the external candidate. We therefore see no basis for setting aside the Board's conclusion that no violation was present when the Navy, considering two candidates equal in status regarding preference eligibility, chose the one better qualified for the job.

## III

We have considered Mr. Bumgardner's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the decision of the Merit Systems Protection Board.

The parties shall bear their own costs.

**AFFIRMED**