# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JENIQUA IRENE KNUCKLES,
           Appellant,

                    v.

DEPARTMENT OF VETERANS
     AFFAIRS,
                    Agency.

DOCKET NUMBERS
AT-3330-21-0153-I-1
AT-4324-21-0022-I-1

DATE:  May 22, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jeniqua Irene Knuckles, Summerville, South Carolina, pro se.

James E. Miller, Jr., Esquire, Montgomery, Alabama, for the agency.

Joy Warner, Esquire, Decatur, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review in these appeals asking us to reconsider the initial decisions issued by the administrative judge, which denied corrective action in the 0022 Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

§§ 4301-4335) (USERRA) appeal and the 0153 Veterans Employment Opportunities Act of 1998 (VEOA) appeal.[2] Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review. Therefore, we DENY the petitions for review. We AFFIRM the administrative judge's decision to deny corrective action in the 0022 USERRA appeal. Except as expressly MODIFIED to supplement the administrative judge's analysis in the 0153 VEOA appeal, we AFFIRM the initial decision in that appeal.

## BACKGROUND

In October 2020, the appellant, an Advanced Medical Support Assistant, filed an appeal alleging that the agency committed a prohibited personnel practice and harmful procedural error when it did not select her, and selected a nonveteran instead, for the Supervisory Medical Support Assistant position (vacancy announcement number CBTB-10877333-20-KGB). *Knuckles v. Department of Veterans Affairs*, MSPB Docket No. AT-3330-21-0018-I-1, Initial Appeal File

---

[2] On our own motion, we have joined the AT-3330-21-0153-I-1 and AT-4324-21-0022-I-1 appeals for consideration on petition for review pursuant to 5 C.F.R. § 1201.36(a)(2). We find that joinder is appropriate because it will expedite the processing of these appeals and will not adversely affect the interests of the parties. *Id.*

(0018 IAF), Tab 1 at 5. The administrative judge issued two orders instructing the appellant how to establish a claim under USERRA and VEOA. 0018 IAF, Tabs 3, 7. The appellant filed a response on October 16, 2020, asserting that she was filing a USERRA claim and stating that she had not filed a complaint with the Secretary of Labor. 0018 IAF, Tab 8. The administrative judge issued an initial decision dismissing the VEOA claim for lack of jurisdiction because the appellant did not exhaust her administrative remedy with the Department of Labor, and noting that the regional office docketed a separate USERRA appeal under MSPB Docket No. AT-4324-21-0022-I-1. 0018 IAF, Tab 11 at 1-3 & n.1; *see Knuckles v. Department of Veterans Affairs*, MSPB Docket No. AT-4324-21-0022-I-1, Initial Appeal File (0022 IAF), Tab 1. The appellant did not file a petition for review of the initial decision issued in the 0018 appeal, and it became the Board's final decision.

In the 0022 USERRA appeal, the appellant's October 16, 2020 submission cited to 38 U.S.C. § 4311(a), asserted that she was a disabled veteran, and alleged that the agency discriminated against her when it did not select her for the positions of Lead Medical Support Assistant (vacancy announcement number CBAY-10625647-19-KGB), Medical Administration Specialist (Administrative Officer of the Day) (vacancy announcement number CBAY-10676279-20-TW), and Supervisory Medical Support Assistant (vacancy announcement number CBTB-10877333-20-KGB). 0022 IAF, Tab 1 at 4-6. The appellant did not request a hearing. 0022 IAF, Tab 1. After finding that the Board had jurisdiction over the appellant's USERRA appeal, 0022 IAF, Tab 8, the administrative judge issued an initial decision denying corrective action under USERRA with regard to the three vacancy announcements, 0022 IAF, Tab 21, Initial Decision (0022 ID). The appellant has filed a petition for review, and the agency has filed a response. *Knuckles v. Department of Veterans Affairs*, MSPB Docket No. AT-4324-21-0022-I-1, Petition for Review (0022 PFR) File, Tabs 1, 3.

While the 0022 USERRA appeal was pending, the appellant filed another Board appeal. *Knuckles v. Department of Veterans Affairs*, MSPB Docket No. AT-3330-21-0153-I-1, Initial Appeal File (0153 IAF), Tab 1. In that appeal, she alleged that she applied for the Title 38 hybrid Supervisory Medical Support Assistant position (vacancy announcement number CBTB-10877333-20-KGB), the agency "illegally" limited the vacancy announcement to internal applicants, it hired a nonpreference eligible for the vacancy, and it violated her veterans' preference rights in the selection process. 0153 IAF, Tab 1 at 5. The appellant did not request a hearing, but she included a closeout letter from the Department of Labor. *Id.* at 2, 7-8. After finding the Board had jurisdiction over the appellant's VEOA appeal, 0153 IAF, Tab 12, the administrative judge issued an initial decision denying the appellant's request for corrective action, 0153 IAF, Tab 15, Initial Decision (0153 ID). The appellant has filed a petition for review, and the agency has filed a response. 0153 PFR, Tabs 1, 3. Thus, before the Board are the petitions for review in the 0153 VEOA appeal and the 0022 USERRA appeal.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>We affirm the administrative judge's decision to deny corrective action in the 0153 VEOA appeal.</u>

The administrative judge denied corrective action in the appellant's VEOA appeal because appellants are not entitled to veterans' preference in promotions or intra-agency[3] transfers. 0153 ID at 2-3 (citing *Brown v. Department of Veterans Affairs*, 247 F.3d 1222 (Fed. Cir. 2001)). On review, the appellant asserts that the administrative judge erred in relying on *Brown* and not acknowledging that her case involved a hybrid Title 38 position. 0153 PFR File, Tab 1 at 7. She asserts the Board's decision in *Graves v. Department of Veterans Affairs*, 114 M.S.P.R. 245 (2010), requires the agency to use competitive hiring to

---

[3] The administrative judge stated "inter-agency transfers" in the initial decision, 0153 ID at 3, but we believe that this was a typographical error.

fill hybrid positions under Title 38, and therefore, it should have applied veterans' preference and requested passover authority from the Office of Personnel Management to hire a nonveteran over her. 0153 PFR File, Tab 1 at 6-7.

Although the Supervisory Medical Support Assistant position is a hybrid position under 38 U.S.C. § 7401(3), and thus subject to Title 5 competitive service veterans' preference requirements, *see* 38 U.S.C. § 7403(f)(3); *Graves*, 114 M.S.P.R. 245, ¶ 12, nothing in 38 U.S.C. § 7403 forecloses the agency from filling a vacancy via merit promotion procedures, which appears to be the case here. It is true that *Brown* did not involve a hybrid Title 38 position; however, *Graves* is factually distinguishable because the agency there chose to fill the hybrid position via an open continuous announcement, *Graves*, 114 M.S.P.R. 245, ¶ 2, not a merit promotion announcement limited to only internal candidates, 0153 IAF, Tab 9 at 21, 23. Ultimately, the appellant has not proven by preponderant evidence that the agency violated her veterans' preference rights when it filled the vacancy using merit promotions procedures and did not select her. Accordingly, we affirm the administrative judge's decision to deny corrective action, and we supplement his analysis herein.

We affirm the administrative judge's decision to deny corrective action in the 0022 USERRA appeal.

USERRA provides that a person who "has performed . . . service in a uniformed service shall not be denied . . . any benefit of employment by an employer on the basis of that . . . performance of service." *Burroughs v. Department of the Army*, 120 M.S.P.R. 392, ¶ 5 (2013) (quoting 38 U.S.C. § 4311(a)). The appellant bears the burden of showing by a preponderance of the evidence that her military status was a substantial or motivating factor in the agency's action. *Id.*

In the 0022 USERRA appeal, the appellant alleged that the agency violated her rights under USERRA when it did not select her for three positions:

Supervisory Medical Support Assistant (vacancy announcement number CBTB-10877333-20-KGB); Lead Medical Support Assistant (vacancy announcement number CBAY-10625647-19-KGB); and Medical Administration Specialist (Administrative Officer of the Day) (vacancy announcement number CBAY-10676279-20-TW). 0022 IAF, Tab 1 at 2-3. Despite being docketed as a USERRA appeal based on her earlier submission, the appellant appeared to claim subsequently that the nonselections violated her veterans' preference rights. *See, e.g.*, 0022 IAF, Tab 19 at 4-8 (discussing *Graves* and pass over requirements and citing to 5 U.S.C. § 3318). The administrative judge found that the appellant did not establish by preponderant evidence that her military service was a substantial or motivating factor in the agency's decisions. 0022 ID at 4. In pertinent part, the administrative judge noted that since the appellant was employed by the agency, the agency properly did not accord her an advantage during the selection process and she failed to raise an inference of anti-military animus. 0022 ID at 3-4. The administrative judge also found no other evidence of military-based discrimination. 0022 ID at 4.

On review, the appellant does not dispute the administrative judge's finding that she did not establish by preponderant evidence that her military service was a substantial or motivating factor in the agency's decisions, and she does not appear to reference USERRA. 0022 PFR File, Tab 1. Rather, she asserts that she is entitled to veterans' preference in the selection process for the three positions. *Id.* To the extent the appellant argues that the agency's alleged failure to afford her veterans' preference constitutes evidence that it discriminated against her because of her military service, we agree with the administrative judge that she failed to establish by preponderant evidence that her military service was a substantial or motivating factor in the agency's decisions. Although unclear, the appellant may be raising a violation of veterans' preference rights under VEOA regarding the three positions. We have herein affirmed the administrative judge's decision in the 0153 appeal to deny corrective action under VEOA with respect to

the Supervisory Medical Support Assistant position (vacancy announcement number CBTB-10877333-20-KGB). To the extent the appellant is alleging on review that the agency violated her veterans' preference rights with respect to the Lead Medical Support Assistant (vacancy announcement number CBAY-10625647-19-KGB) and/or Medical Administration Specialist (Administrative Officer of the Day) (vacancy announcement number CBAY-10676279-20-TW) positions, she may file a Board appeal in the appropriate regional or field office for such a claim.[4]

### NOTICE OF APPEAL RIGHTS[5]

The initial decision in the 0022 appeal constitutes the Board's final decision in that matter. The initial decision in the 0153 appeal, as supplemented by this Final Order, constitutes the Board's final decision in that matter. 5 C.F.R. § 1201.113. You may obtain review of these final decisions. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of these final decisions, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] We take no position on whether the Board would have jurisdiction over such an appeal or whether such an appeal would be timely.

[5] Since the issuance of the initial decisions in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.