NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL B. GRAVES,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2014-3159

---

Petition for review of the Merit Systems Protection Board in No. SF-3330-09-0570-X-1.

---

Decided: July 14, 2015

---

MICHAEL B. GRAVES, Carson, CA, pro se.

WILLIAM PORTER RAYEL, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., FRANKLIN E. WHITE.

---

Before PROST, *Chief Judge,* CLEVENGER, and MOORE, *Circuit Judges.*

PER CURIAM.

Michael Ben Graves appeals from a July 2014 Final Order by the Merit Systems Protection Board ("Board"), which concluded that the Department of Veterans Affairs ("DVA") complied with an earlier Final Order. Because the Board's findings were supported by substantial evidence, we affirm.

BACKGROUND

In January 2009, Mr. Graves, a preference eligible veteran, applied for a position as a Medical Records Technician/Coder ("MRT") at the DVA's Long Beach, California Healthcare System. The vacancy announcement for the MRT position listed the pay grade as "GS-675-4/5/6/7/8." *Graves v. Dep't of Veterans Affairs*, 114 M.S.P.R. 245, 247 (2010) ("2010 Board Decision"). In February 2009, the DVA hired a non-preference eligible individual at the GS-8 level. *Id.* at 248, 252. Mr. Graves was not hired.

In May 2009, Mr. Graves filed a Veterans Employment Opportunities Act ("VEOA") appeal of his non-selection for the MRT position. *Id.* at 247. In an initial decision, the administrative judge ("AJ") found that the DVA originally intended to fill two MRT positions, one at the GS-6/7/8 level and one at the GS-4/5 trainee level, but ultimately filled the higher level position only. *Id.* at 248. After the AJ found against Mr. Graves, the Board found that the DVA violated Mr. Graves's veterans' preference rights. *Id.* at 252–53. The Board identified two violations of the veterans' preference rules. First, the Board explained that the DVA violated 5 U.S.C. § 3317(a) by considering only a single application for appointment—not at least three. *Id.* at 253. Second, the Board found that the DVA violated "the pass over process" by failing to file written reasons for its decision with the Office of

Personnel Management ("OPM") and by failing to obtain the OPM's approval. *Id.* The Board instructed the AJ to order the DVA to reconstruct the selection process for the MRT vacancy in accordance with the veterans' preference requirements. *Id.* The Board identified five steps that must be included in the reconstructed process, three of which are relevant in this appeal: 1) the DVA must remove the non-preference eligible individual from the MRT position; 2) the new certificate of eligibles must contain at least three names for appointment; and 3) if the DVA wanted to pass over Mr. Graves, it must comply with the required "pass over" procedures. *Id.*

The Board issued a March 2012 Final Order requiring the DVA to reconstruct the selection process for the MRT position. Mr. Graves then filed a petition for enforcement of this Final Order. In response, the DVA submitted several documents, including an unsworn statement from the Acting Chief of the Human Resources Service at the DVA's Long Beach facility. It stated that the DVA had created separate lists of eligible persons at different grade levels for the MRT position, that Mr. Graves qualified only at the GS-4 level, that the non-preference eligible individual qualified at the GS-8 level, and that the selecting official chose only from the GS-8 level and thus did not consider Mr. Graves.

In August 2013, the Board found that the DVA failed to demonstrate it had removed the non-preference eligible individual from the MRT position or reconstructed the selection process as ordered. A. 18, 59. The Board ordered the DVA to demonstrate it had complied with the March 2012 Final Order and to submit a detailed explanation for the DVA's determination that Mr. Graves was not qualified above the GS-4 level. A. 59. The DVA submitted documentary evidence showing it had removed the non-preference eligible individual from the MRT position and appointed her to a "temporary special needs

position" while it reconstructed the selection process. A. 19. The DVA also submitted a sworn statement from the Chief of Health Information Management Service at the DVA's Long Beach facility ("Chief of HIMS") that she compared Mr. Graves's application with the position requirements and determined he did not qualify above the GS-4 level. The DVA explained it decided to fill the MRT vacancy at the GS-8 level and, because Mr. Graves qualified only at the GS-4 level, it was not required to list him on the GS-8 certificate of eligibles. As a result of the reconstructed selection process, the DVA reappointed the non-preference eligible individual to the MRT position.

In the July 2014 Final Order from which Mr. Graves appeals, the Board found the DVA in compliance with the March 2012 Final Order. A. 17. The Board found that the DVA's removal, appointment to a "temporary special needs position," and subsequent reappointment of the non-preference eligible individual did not invalidate the reconstructed selection process. A. 19-20. The Board found that the DVA considered Mr. Graves's relevant education, experience, and other qualifications when it found him not qualified above the GS-4 level. A. 20-23. Because the DVA decided to fill the MRT vacancy at the GS-8 level, not GS-4, the Board found that the competitive service rules under 5 U.S.C. §§ 3317 and 3318 and the OPM's "rule of three" and "pass over" requirements did not apply. Thus, the Board found the DVA afforded Mr. Graves a lawful selection process and dismissed his petition for enforcement. Mr. Graves timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703.

## DISCUSSION

We only reverse a final decision of the Board if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures

required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).

Mr. Graves argues that the Board made two errors in its July 2014 Final Order. First, Mr. Graves argues that the DVA improperly assessed his qualifications by determining he was not qualified above the GS-4 level and failed to provide a "side-by-side, requirement issue by requirement issue" comparison of his resume and application with the requirements "for MRT grades GS-4 and GS-5." Appellant's Br. 2. Second, Mr. Graves argues that the non-preference eligible individual was never removed from the MRT position, but rather was reappointed using a procedure that did not comply with the OPM's "rule of three" and "pass over" requirements. *Id.*

## A. Substantial Evidence Supports the Board's Assessment of Mr. Graves's Qualifications

None of the Board's orders in this case required the DVA to provide a "side-by-side, requirement issue by requirement issue" comparison of Mr. Graves's resume and application with the requirements for the MRT position at the GS-4 and GS-5 levels as Mr. Graves asserts. Rather, the August 2013 order required the DVA to:

> Submit a detailed explanation for the agency's determination that the appellant is not qualified above the GS-4 level, including the relevant position description and requirements, the appellant's complete application package, and a written and sworn determination by a qualified individual re-

garding the appellant's qualifications for each grade level advertised.

A. 59. Substantial evidence supports the Board's finding that the DVA complied with this order. *See* A. 20–23. The DVA submitted a sworn statement by the Chief of HIMS that she reviewed Mr. Graves's qualifications and determined that his application and resume did not demonstrate that he had three of the four knowledge, skills, and abilities required for the GS-5 level. For example, she determined Mr. Graves's application did not show he had the ability to correctly apply the practical knowledge of laws and regulations related to the confidentiality of health information and the release of information from medical records. She acknowledged that Mr. Graves had earned a Certified Coding Specialist-Physician Based Certificate, but noted that it had lapsed because Mr. Graves did not complete the required continuing education to maintain it. A. 20–21, 71. The Chief of HIMS's statement indicates that the DVA considered Mr. Graves's relevant education and experience in assessing his qualification for the GS-5 level and constitutes substantial evidence in support of the determination that Mr. Graves was not qualified above the GS-4 level.[1] A. 22.

On appeal, Mr. Graves argues that the Chief of HIMS's assessment of his qualifications was not objective

---

[1] Because substantial evidence supports the Board's determination that Mr. Graves is not qualified above the GS-4 level, we need not address whether the Board's role in a case such as this "is limited to determining whether the hiring agency improperly omitted, overlooked, or excluded a portion of the appellant's experiences or work history in assessing his qualifications for the vacancy." A. 22 (citing *Miller v. Fed. Deposit Ins. Corp.*, 121 M.S.P.R. 88, ¶ 12 (2014)).

or credible and that she was biased against him. Appellant's Br. 4–5. The Board found otherwise, explaining that the Chief of HIMS's position and her at least six years of experience supervising professionals in medical health information work qualified her to make such determinations, and that she was credible and unbiased. A. 21. "[A]n evaluation of witness credibility is within the discretion of the Board and . . . , in general, such evaluations are 'virtually unreviewable' on appeal." *Kahn v. Dep't of Justice*, 618 F.3d 1306, 1313 (Fed. Cir. 2010). Mr. Graves has not presented an argument that merits second-guessing the Board.

### B. Substantial Evidence Supports the Board's Finding that the DVA Removed the Non-Preference Eligible Individual From the MRT Position

Following the Board's August 2013 order, the DVA removed the non-preference eligible individual from the MRT position, transferring her to a position as a "Secretary." The DVA submitted a standard OPM form documenting this personnel action to the Board. Nearly one month after her removal, the non-preference eligible individual was reappointed to the MRT position, as documented by a second standard OPM form the DVA submitted to the Board. In addition to these forms, the DVA submitted a sworn statement explaining its actions. A. 72–74. The Board's March 2012 Final Order required that the non-preference eligible individual be removed from the MRT position at issue; it did not require that she be removed from all positions at the DVA. Substantial evidence supports the Board's determination that the DVA removed the non-preference eligible individual from the MRT position.

The Board did not err in determining that the "rule of three" and "pass over" requirements did not apply because Mr. Graves was not qualified for the reconstructed MRT

position.  As this Court and the Board have explained, "the VEOA does not enable veterans to be considered for positions for which they are not qualified."  *Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012) (citing *Ramsey v. Office of Pers. Mgmt.*, 87 M.S.P.R. 98, ¶ 9 (2000)).   As discussed *supra* pp. 6–7, Mr. Graves was not qualified for the reconstructed MRT position, which was limited to the GS-8 level.  As the Board found, the DVA was in compliance with the March 2012 Final Order when it reconstructed a lawful selection process. A. 24.

CONCLUSION

For the foregoing reasons, the judgment of the Board is *affirmed*.

**AFFIRMED**

COSTS

No costs.