# United States Court of Appeals
# for the Federal Circuit

_____

**MANUEL LAZARO,**
*Petitioner,*

v.

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent.*

_____

2011-3190

_____

Petition for review of the Merit Systems Protection Board in case no. AT3330101005-I-1.

_____

Decided: February 2, 2012

_____

MANUEL LAZARO, of Homestead, Florida, pro se.

DOUGLAS G. EDELSHICK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. On the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, FRANKLIN E. WHITE, JR., Assistant Director, and MEREDYTH COHEN HAVASY, Trial Attorney.

_____

Before RADER, *Chief Judge*, and O'MALLEY and REYNA,
*Circuit Judges*,

O'MALLEY, *Circuit Judge*.

Manuel Lazaro ("Mr. Lazaro") appeals the Final Order of the Merit Systems Protection Board ("the Board") that denied his claim for relief under the Veterans Employment Opportunities Act ("VEOA"). In reaching this conclusion, the Board found no error in the Administrative Judge's ("AJ") Initial Decision. Because we conclude that the Board committed legal error, we vacate and remand.

BACKGROUND

On August 10, 2009, Mr. Lazaro applied for an IT specialist position with the Miami VA Healthcare System. Appendix ("App.") 60. According to the Vacancy Announcement, to be qualified for this position, the applicant needed "[o]ne (1) year of specialized experience equivalent to at least the GS-9 level in the Federal Service . . . ." App. 80. The announcement explained that education could be used as a substitute for this experience, namely, a Ph.D. or equivalent doctoral degree, or three full years of progressively higher level graduate education leading to a Ph.D. or equivalent doctoral degree. *Id.* On September 2, 2009, Mr. Lazaro was informed by letter that he was not considered for the position. App. 58. Although Mr. Lazaro had fifty-three hours of relevant educational experience and at least six months of experience equivalent to the GS-9 level, the Department of Veterans Affairs ("VA") determined that he did not meet the specialized experience requirement. App. 58.

After exhausting his rights before the Department of Labor, App. 52, on August 30, 2010, Mr. Lazaro filed an

appeal with the Board under the VEOA, asserting that the VA violated his rights under a statute or regulation relating to veteran's preference when it did not select him for the position of IT specialist. App. 30. In essence, Mr. Lazaro argued that the VA violated his preference rights when it determined that he did not meet the experience requirements for the IT specialist position. App. 33. Specifically, Mr. Lazaro claimed that, given his veteran's preference eligibility, the VA was required to consider those experiences specified in 5 C.F.R. § 302.302(d) (2011), one regulation among those implementing the law governing veteran's preference set forth in Title Five of the United States Code.

After considering Mr. Lazaro's arguments, the AJ concluded that the Board had no authority to review the VA's non-selection of Mr. Lazaro, and, therefore, denied his request for corrective action. App. 33–34. Summarizing Mr. Lazaro's argument, the AJ stated, "the appellant believes that the agency did not properly evaluate his 'valuable experience,' by failing to credit work he performed while a GS-7 as experience at the GS-9 level." App. 33. Relying upon *Ruffin v. Department of Treasury*, 89 M.S.P.R. 396 (2001), the AJ concluded that the Board lacked jurisdiction to adjudicate Mr. Lazaro's claim because his "argument challenges the merits of his non-selection," an issue the Board has no authority to adjudicate. *Id.*

In response to the AJ's denial of his claims, Mr. Lazaro filed a petition for review of the Initial Decision. App. 4. The Board concluded that "[w]e see no error in the administrative judge's analysis finding that the agency afforded the appellant consideration of all of his prior experience as required by 5 C.F.R. § 302.302(d)." *Id.* Accordingly, the Board denied Mr. Lazaro's petition for review because it did not establish the existence of signifi-

cant new evidence not presented to the Board, or that the AJ erred in interpreting a law or regulation. App. 4–5.

Mr. Lazaro filed a timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

### I.

Mr. Lazaro challenges the Board's denial of his petition for review of the AJ's Initial Decision, which denied his claim for corrective action on the grounds that the Board lacked jurisdiction to adjudicate the claim. The Board grants a petition for review when significant new, previously unavailable evidence is presented, or when the AJ based his decision on an erroneous interpretation of law or regulation. 5 C.F.R. § 1201.115. We must affirm the Board's decision to deny Mr. Lazaro's petition unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

We review a determination of the Board's jurisdiction de novo. *See Stoyanov v. Dep't of Navy*, 474 F.3d 1377, 1379 (Fed. Cir. 2007). The Board's jurisdiction is limited to actions made appealable to it by law, rule, or regulation. 5 U.S.C. § 7701(a). As the petitioner, Mr. Lazaro bears the burden of proving by preponderant evidence that the Board has jurisdiction. 5 C.F.R. § 1201.56(a)(2).

### II.

Under the Veterans' Preference Act of 1944, Pub. L. No. 359, ch. 287, 58 Stat. 390, preference eligible veterans receive advantages when seeking federal employment. *See Mitchell v. Cohen*, 333 U.S. 411, 418–19 (1948) ("The

Veterans' Preference Act was accordingly adopted, creating special preference and protection for returning veterans at every stage of federal employment."). To enable veterans to receive these preference rights, Congress enacted statutes and authorized the Office of Personnel Management to adopt regulations related to the hiring of preference eligible veterans. *See Joseph v. FTC*, 505 F.3d 1380, 1381–82 (Fed. Cir. 2007) (discussing the statutes and regulations enacted to provide veterans with their preference rights); *MacLeod v. Dep't of Veterans Affairs*, 280 F. App'x 962, 964–65 (Fed. Cir. 2008) (unpublished decision). When a governmental agency fills a vacancy it must comply with these statutes and regulations. *Joseph*, 505 F.3d at 1381–82; *MacLeod*, 280 F. App'x at 964–65. The VEOA provides preference eligible veterans with a right to file a claim for any agency hiring decision that violated the veteran's rights under a statute or regulation relating to veteran's preference. 5 U.S.C. § 3330a.

One of the advantages received by preference eligible veterans is that an agency must comply with special statutes and regulations when it determines whether a veteran is qualified for a given position. *See Kirkendall v. Dep't of Army*, 573 F.3d 1318, 1324 (Fed. Cir. 2009); *Phillips v. Dep't of Navy*, 110 M.S.P.R. 184 (2008). For example, in determining whether a preference eligible veteran is qualified, the number of years of education completed by the veteran is not relevant. 38 U.S.C. § 4214(b).[1] In other words, a preference eligible veteran

---

[1]    Which states:
(1) To further the policy stated in subsection (a) of this section, veterans referred to in paragraph (2) of this subsection shall be eligible, in accordance with regulations which the Office of Personnel Management shall prescribe, for veterans recruitment appointments, and for subsequent career-conditional appointments, under the terms

cannot be deemed unqualified for a position because he lacks sufficient years of education. When experience is a factor in determining qualification for a position, moreover, a preference eligible veteran is entitled to be credited for all valuable experience, including experience gained "in religious, civic, welfare, service, and organizational activities, regardless of whether pay was received therefor." 5 C.F.R. § 302.302(d); *see also* 5 U.S.C. § 3311 ("In examinations for the competitive service in which experience is an element of qualification, a preference eligible is entitled to credit . . . for all experience material to the position for which examined, including experience gained in religious, civic, welfare, service, and organizational activities, regardless of whether he received pay therefor."). Despite these statutes and regulations, the VEOA does not enable veterans to be considered for positions for which they are not qualified. *E.g.*, *Ramsey v. Office of Pers. Mgmt.*, 87 M.S.P.R. 98, ¶ 9 (2000).

In this case, there were essentially two qualifications necessary for the IT specialist position: (1) a minimum level of education; and (2) "[o]ne (1) year of specialized experience equivalent to at least the GS-9 level in the Federal Service." App. 80. Because of his preference, Mr. Lazaro satisfied the first criteria, regardless of his actual level of education. The VA determined, however, that Mr. Lazaro did not satisfy the second. App. 58. On appeal,

---

and conditions specified in Executive Order Numbered 11521 (March 26, 1970), except that—

(A) such an appointment may be made up to and including the level GS-11 or its equivalent;

(B) a veteran shall be eligible for such an appointment without regard to the number of years of education completed by such veteran . . . .

38 U.S.C. § 4214(b).

Mr. Lazaro argues that the VA violated his preference rights when it made that determination. He argues that the VA did not determine whether he was qualified in accordance with 5 C.F.R. § 302.302(d) because it failed to consider some of his computer-related work experience. In response, the Government argues that the Board properly denied Mr. Lazaro's petition for review because the Board lacks jurisdiction to determine whether the VA violated Mr. Lazaro's preference rights when it determined that he was not qualified for the IT specialist position.[2]

It is important to keep in mind that this case was decided on jurisdictional grounds, and that the AJ conducted no analysis with respect to the merits of Mr. Lazaro's claims under 5 C.F.R. § 302.302(d). While the Final Decision indicates that the Board found "no error" in the AJ's determination that the VA considered all of Mr. Lazaro's prior experience in accordance with 5 C.F.R. § 302.302(d), the AJ never performed that analysis. First, the AJ concluded that Mr. Lazaro's appeal raised an issue the Board lacked jurisdiction to review. App. 33. ("[W]hile I recognize that the appellant disagrees with that determination, the Board lacks jurisdiction to review the nonselection action on its merits."). Second, the AJ's only analysis with respect to the merits of Mr. Lazaro's nonselection considered whether the VA properly applied 38 U.S.C. § 4214(b) and *not* 5 C.F.R. § 302.302(d). *Id.* In light of this fact, we must determine whether the Board

---

    [2]  Mr. Lazaro does not contend that he has graduate-level education that can substitute for the required experience, nor does he contend that 38 U.S.C. § 4214(b) would allow a substitution in the absence of such actual education. He simply argues that he has qualifying experience under 5 C.F.R. § 302.302(d) that was never considered by the VA.

correctly determined that the AJ committed no legal error when he concluded that both he and the Board lacked jurisdiction over Mr. Lazaro's claim.

To establish Board jurisdiction over an appeal brought under the VEOA, an appellant must (1) show that he exhausted his remedies with the [Department of Labor] and (2) make nonfrivolous allegations that (i) he is preference eligible within the meaning of the VEOA, (ii) the action(s) at issue took place on or after the October 30, 1998 enactment date of the VEOA, and (iii) the agency violated his rights under a statute or regulation relating to veteran's preference. *See* 5 U.S.C. § 3330a; *Campion v. Merit Sys. Prot. Bd.*, 326 F.3d 1210, 1213, 1215 (Fed. Cir. 2003). In this case, the only issue in dispute is whether Mr. Lazaro made a non-frivolous allegation that the VA violated his rights under a statute or regulation relating to veteran's preference. *See* App. 30–31. For the reasons explained below, we conclude that he has.

Under 5 C.F.R. § 302.302(d):

When experience is a factor in determining eligibility, an agency shall credit a preference eligible (1) with time spent in the military service of the United States if the position for which he/she is applying is similar to the position which he/she held immediately before his/her entrance into the military service; and (2) with all valuable experience, including experience gained in religious, civic, welfare, service, and organizational activities, regardless of whether pay was received therefore.

5 C.F.R. § 302.302(d).

Here, there is no question that experience was a factor in determining whether Mr. Lazaro was eligible for

the IT specialist position. This regulation, moreover, clearly relates to veteran's preference. *See* 5 C.F.R. § 302.302(d) ("[A]n agency shall credit *a preference eligible* . . . .") (emphasis added). It appears that the AJ and the Board concluded that they lacked jurisdiction over Mr. Lazaro's claims because they believed that addressing the merits of his claim would require the Board to address the "merits of his nonselection," which they believed fell outside the Board's jurisdiction. App. 33. In support of this belief, both the AJ and the Board relied upon *Ruffin*. *Id.*; App. 4. This reliance was misplaced.

In *Ruffin*, the Board held "that [it] has no authority to review, in a VEOA appeal, a claim of discrimination covered under 5 U.S.C. § 7702(a)(1)." *Ruffin*, 89 M.S.P.R. at 401. In reaching this conclusion, the Board explained that, in a VEOA appeal, it has authority only to determine whether an agency's actions violated a veteran's preference rights. *Id.* Absent this nexus between the agency's action and a violation of a veteran's preference rights, the Board has no jurisdiction to adjudicate the merits of an agency's personnel action. *Id.* at 400. While this opinion contains sweeping language indicating that the issue in a VEOA appeal "is not whether a particular personnel action is proper and should be sustained," the opinion makes clear that this limitation is applicable only when the agency's personnel action did not relate to an alleged violation of a veteran's preference rights. *Id.* at 400–01. In *Ruffin*, for example, the appellant's age discrimination claim did not and could not give rise to a violation of a statute or regulation relating to veteran's preference. *Id.*

If the position urged by the Government, and accepted by the AJ and the Board, was correct, a veteran could never assert a claim within the jurisdiction of the Board because the only way to determine whether the agency

violated the veteran's preference rights would be to analyze whether the agency properly took the veteran's preference rights into account when making its personnel decision, i.e., examining the merits of the agency's decision. There is simply no way to analyze whether a veteran's preference rights were violated without examining the grounds upon which the veteran's non-selection was predicated.

On at least two occasions, moreover, the Board has conducted exactly the type of analysis sought by Mr. Lazaro. *Phillips*, 110 M.S.P.R. at 187–90; *Clarke v. Dep't of Navy*, 94 M.S.P.R. 604, 606–08 (2003). In *Clarke*, the appellant argued that he was not afforded the opportunity to compete for a position. 94 M.S.P.R. at 605–07. The AJ dismissed the appellant's appeal for lack of jurisdiction. *Id.* at 605. While the Board ultimately denied the appellant's appeal, it concluded that the AJ erred by concluding that it lacked jurisdiction over the appellant's claim. *Id.* at 607. The Board determined that the agency had not violated appellant's right to compete because the appellant was not qualified for the position and the appellant had failed to provide any evidence or arguments that he met the requirements. *Id.* at 608. In other words, the Board analyzed whether the appellant's preference rights were violated when the agency determined that he was not qualified for the position. The Board concluded that appellant's preference rights were not violated because he failed to provide any evidence or arguments suggesting that he was in fact qualified for the position, even under all preference-eligible criteria. *Id.* at 607–08.

Similarly, in *Phillips*, the Board examined whether the agency violated appellant's right to compete by improperly concluding that he was not qualified for the position. 110 M.S.P.R. at 187. The Board explained that there was no evidence in the record that demonstrated

that the agency had considered whether appellant's experience made him qualified for the position. Instead, "it appears from the agency's submission that it relied on the single fact that the appellant was a GS-6 to conclude that he did not have the minimum qualifications for a GS-8 position." *Id.* at 188. In light of this fact, the Board remanded the case, instructing the AJ to "direct the agency to provide evidence and argument explaining whether it considered the possibility that, for the GS-8 position, the appellant's prior work experience qualified as specialized experience of 1 year equivalent to the next lower grade level." *Id.* at 190. This inquiry is nearly identical to that sought by Mr. Lazaro.

Here, the record indicates that the Human Resources Specialist who reviewed Mr. Lazaro's application concluded that Mr. Lazaro did not meet the specialized experience requirements for the position because his "experience as an assistant Automated Data Processing Applications Coordinator for 6 months . . . did not fulfill the experience requirements for the position at the GS-11 level." App. 44. There is no reference in the record indicating that Mr. Lazaro's other valuable experience was considered in accordance with CFR § 302.302(d). Mr. Lazaro argues at length, moreover, that, if his experience is taken into account, he is qualified for the position. Pet'r's Br. 10–12. On the basis of these arguments and the evidence submitted by Mr. Lazaro, we conclude that the Board has jurisdiction to determine whether the VA properly afforded Mr. Lazaro the right to compete for the IT specialist job and properly determined, in accordance with 5 C.F.R. § 302.302(d), that Mr. Lazaro was not qualified for the position.

The Board committed legal error by concluding that the AJ properly determined that the Board lacked jurisdiction over Mr. Lazaro's claim and that the AJ's analysis

was not erroneous. Because the record contains insufficient evidence for this court to determine whether Mr. Lazaro's claims have merit, and because his claims have not been addressed on the merits by either the AJ or the Board, we vacate and remand this case for further consideration in accordance with this opinion.[3]

**VACATED AND REMANDED.**

---

[3] To the extent Mr. Lazaro attacks the Board's decision on alternative grounds, we find those arguments moot in light of our decision to remand the action to the Board for further inquiry.