NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TIFFANY S. HUGHES,**
*Petitioner,*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent.*

---

2013-3101

---

Petition for review of the Merit Systems Protection Board in No. DA0752120256-I-1.

---

Decided: November 7, 2013

---

TIFFANY S. HUGHES, of Cedar Hills, Texas, pro se.

MARTIN M. TOMLINSON, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

---

Before NEWMAN, CLEVENGER, and REYNA, *Circuit Judges.*

PER CURIAM.

Petitioner *pro se*, Tiffany S. Hughes, appeals the March 15, 2013 decision of the United States Merit Systems Protection Board ("MSPB" or "Board") denying her petition for review for lack of jurisdiction on the basis of the administrative judge's ("AJ") determination that Ms. Hughes was not an "employee" pursuant to 5 U.S.C. § 7511(a)(1)(C)(ii).  We affirm.

I.

In November 2002, Ms. Hughes began working in an excepted service position as a transportation security screener, later renamed a Transportation Security Officer ("TSO") within the Department of Homeland Security ("DHS").  Her primary duties in this role included checking passengers and luggage for weapons and other dangerous items.  As a TSO, Ms. Hughes underwent a two-week training course followed by on-the-job training, which largely focused on how to use the various machines during the screening process, such as x-ray machines, and how to identify dangerous items.  Ms. Hughes was also instructed not to pursue or apprehend persons that breached the airport security checkpoint but to instead contact other authorities, like airport police, for assistance in making the arrest.

On February 15, 2009, Ms. Hughes left her position as a TSO and received a two-year internship as a Customs and Border Patrol Officer ("CBPO"), also within DHS, through the Federal Career Intern Program pursuant to 5 C.F.R. § 213.3202(o).[1]  Ms. Hughes's position could be

---

[1]  The Federal Career Intern Program has since been eliminated.  *See* Exec. Order 13562 § 8, 75 Fed. Reg.

converted to a career or career-conditional appointment upon satisfactory completion of the two-year internship. Ms. Hughes's training for the CBPO position included sixteen weeks at the Federal Law Enforcement Training Center, followed by eight weeks of on-the-job training. These trainings covered subjects like constitutional law, agriculture, immigration law, and suspect interview techniques, among other things. As a CBPO, Ms. Hughes had the authority to make arrests, seize contraband, assess fines and duties, determine immigrant status, handle a firearm, and use body armor.

On October 12, 2010, DHS notified Ms. Hughes that it was terminating her employment as a CBPO for misconduct, effective the same day. Ms. Hughes appealed her termination to the MSPB on March 1, 2012. On March 7, 2012, the Board issued an Acknowledgement Order noting that Ms. Hughes was a non-preference eligible excepted service employee with less than two years of experience in her current position. The Order thus advised Ms. Hughes that the Board's jurisdiction over her appeal was questionable and provided an opportunity for Ms. Hughes to submit additional evidence and argument to establish jurisdiction.

In response, Ms. Hughes asserted that she was an "employee" as defined by 5 U.S.C. § 7511 at the time of her release because, through her experience as a TSO, she "completed 2 years of current continuous service in the same or similar positions in an Executive agency. . . ." 5 U.S.C. § 7511(a)(1)(C)(ii). Ms. Hughes asserted that her position as a TSO involved the same line of work as her CBPO position because the objective of both jobs "was to protect America" by using various techniques to discover and prevent weapons and contraband from either (i)

82585, 82588 (Dec. 27, 2010); 77 Fed. Reg. 28194, 28213 (May 11, 2012).

entering an aircraft; or (ii) entering the United States. Ms. Hughes also noted that she was required to take the same oath to uphold the Constitution in both positions. Therefore, Ms. Hughes argued that she should be considered an "employee" under 5 U.S.C. § 7511 who was entitled to appeal her termination to the MSPB.

DHS argued that a TSO lacks many of the responsibilities given to a CBPO and is thus not a "similar position." In particular, DHS noted that, unlike a TSO, a CBPO must be qualified to carry a firearm and has the authority to detain and arrest suspects. Because these duties are distinct from those of a TSO, DHS argued that Ms. Hughes could not use her previous experience as a TSO to meet the time-in-service requirement of 5 U.S.C. § 7511(a)(1)(C)(ii).

After a hearing, the AJ found that Ms. Hughes's TSO position did not entail the same or similar duties and responsibilities as her CBPO position and thus concluded that Ms. Hughes was not an "employee" under 5 U.S.C. § 7511. Accordingly, the AJ dismissed the appeal for lack of jurisdiction.

Ms. Hughes filed a petition for review of the AJ's initial decision with the full Board. The Board dismissed Ms. Hughes's petition because it found that the AJ did not commit error when it concluded that Ms. Hughes was not an "employee" under 5 U.S.C. § 7511 and dismissed the petition for lack of jurisdiction.

This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II.

This Court shall hold unlawful and set aside any Board action, findings, or conclusions found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been

followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction is a question of law reviewed *de novo*. *See Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed. Cir. 1999). As the petitioner, Ms. Hughes bears the burden of establishing the Board's jurisdiction by a preponderance of the evidence. *See* 5 C.F.R. § 1201.56(a)(2); *Lazaro v. Dep't of Veterans Affairs,* 666 F.3d 1316, 1318 (Fed. Cir. 2012).

We conclude that the Board properly dismissed Ms. Hughes's petition for lack of jurisdiction. The Board's jurisdiction is limited to matters for which a right to appeal is granted by law, rule, or regulation. 5 U.S.C. § 7701(a). The statute accords the right to appeal an adverse agency action—such as a reduction in pay or grade, a removal, or a suspension for more than 14 days—only to "employee[s]" of the Federal Government. 5 U.S.C. § 7513(d). The Board therefore has jurisdiction over this appeal only if Ms. Hughes qualifies as an "employee" under 5 U.S.C. § 7511(a)(1).

For non-preference eligible individuals serving in the excepted service, 5 U.S.C. § 7511(a)(1)(C) defines "employee" in two ways:

> (C) an individual in the excepted service (other than a preference eligible)—
>
> > (i) who is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or
> >
> > (ii) who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less[.]

Based on our review of 5 U.S.C. § 7511 and applicable regulations, we agree that Ms. Hughes is not an "employ-

ee" entitled to appeal her termination to the MSPB because her TSO position was not similar to her CBPO position. As the Board concluded, the duties and responsibilities of Ms. Hughes's CBPO position materially differed from those of her previous TSO position, which outweigh any minor similarities presented by Ms. Hughes. Her TSO position required much less training than her CBPO position and lacked the authority to make arrests, seize contraband, assess fines and duties, determine immigrant status, or carry a firearm, all of which are major functions of a CBPO. Ms. Hughes also received additional instruction as a CBPO in constitutional law, agriculture, immigration law, suspect interview techniques, and other subjects to assist in detecting criminality and violations of law. On the other hand, Ms. Hughes's main function as a TSO was to detect weapons and dangerous items in baggage and on persons, not to detect criminal behavior. Therefore, because Ms. Hughes's TSO and CBPO positions involved materially different duties and responsibilities, they cannot be considered "similar positions" that would entitle Ms. Hughes to qualify as an "employee" with Board appeal rights under 5 U.S.C. § 7511(a)(1)(C)(ii).

For the foregoing reasons, the decision of the Board is hereby

## AFFIRMED

### COSTS

Each party shall bear its own costs.