NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN PAUL JONES, III,**
*Petitioner*

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES,**
*Respondent*

---

2015-3188, 2015-3189

---

Petitions for review of the Merit Systems Protection Board in No. DE-3330-14-0427-I-1, DE-3330-14-0430-I-1, DE-3330-14-0452-I-1, No. DE-3330-15-0115-I-1.

---

Decided: January 8, 2016

---

JOHN PAUL JONES, III, Albuquerque, NM, pro se.

AARON E. WOODWARD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER; LAURA T. VANDERLAAN, Assistant Regional Counsel, Office of the General Counsel, Department of Health & Human Services; SARA M. KLAYTON, Claims &

Employment Law Branch, Office of the General Counsel, Department of Health & Human Services.

————————————

Before MOORE, BRYSON, and WALLACH, *Circuit Judges.*

PER CURIAM.

In these consolidated appeals, John Paul Jones, III, appeals from two final orders of the Merit Systems Protection Board denying his requests for corrective action under the Veterans Employment Opportunity Act of 1998 ("VEOA"). We *affirm.*

I

Mr. Jones is a preference-eligible veteran who served in the U.S. Army from March 25, 1968, to December 24, 1969. Since 2012, he has unsuccessfully appealed from six different Board decisions in five cases before this court as part of his efforts to obtain federal employment. *See Jones v. Dep't of Veterans Affairs*, No. 2015-3123 (Fed. Cir. 2015); *Jones v. Dep't of Health & Human Servs.*, No. 2015-3038 (Fed. Cir. 2015); *Jones v. Dep't of Health & Human Servs.*, 544 F. App'x 976 (Fed. Cir. 2013); *Jones v. Dep't of Health & Human Servs.*, 542 F. App'x 912 (Fed. Cir. 2013); *Jones v. Merit Sys. Prot. Bd.*, 497 F. App'x 1 (Fed. Cir. 2012).

II

In 2014, Mr. Jones applied for a position as a Health Communications Specialist at the Centers for Disease Control and Prevention, an agency within the Department of Health and Human Services ("HHS"). The position was advertised at the GS-12/13 grade level, and Mr. Jones applied at the GS-13 level. The position required one year of experience at the GS-12 level of difficulty and responsibility. Candidates for the position at the GS-13 level were expected to have "experience translating and disseminating public health information to various audi-

ences and providing technical assistance and consultation on health communication and marketing strategies." Mr. Jones completed a self-assessment questionnaire as part of his application and rated himself as an expert in every listed category of knowledge, skill, or ability. As a result of his self-assessment, he was initially given a "Best Qualified" rating for the position.

An HHS human resources specialist reviewed Mr. Jones's self-assessment and determined that his answers were not supported by the experiences described in his 30-page resume. As a result, HHS found that Mr. Jones was not eligible for the position.

Mr. Jones then filed a complaint with the Department of Labor claiming that HHS had violated his rights under the VEOA when it found that he lacked the necessary experience for the position. When the Department of Labor did not grant Mr. Jones's request for corrective action, he filed a petition for review by the Merit Systems Protection Board.

The administrative judge assigned to the case denied Mr. Jones's petition. The administrative judge found that HHS had properly credited Mr. Jones with all of his experience material to the Health Communications Specialist position but that HHS had nonetheless found him unqualified for the position. The full Board affirmed the administrative judge's decision, and Mr. Jones appealed to this court.

III

In 2014, Mr. Jones applied for three more positions at HHS: Supervisory Public Health Advisor at the GS-15 grade level, Public Health Advisor at the GS-13 grade level, and Public Health Advisor at the GS-12/13 grade level. Each position required one year of specialized experience at or equivalent to the next lower grade. Mr.

Jones submitted lengthy, narrative-style resumes for each position.

For the Supervisory Public Health Advisor position, applicants were required to have one year of experience "managing, directing, and implementing broad/complex programs oriented to preventing mental, emotional, and behavioral disorders and promoting mental health." The Subject Matter Expert ("SME") who reviewed Mr. Jones's application found that he did not have the requisite experience managing, directing, or implementing mental health programs, and that the portion of his resume dealing with mental health simply described personal experiences observing others dealing with mental health issues. In another portion of his resume, Mr. Jones described working with an Alzheimer's treatment program. However, the SME found that Alzheimer's disease is more properly characterized as a neurological disease, not a mental health condition. The SME found that another reference to mental health in Mr. Jones's resume did not show specific experience managing, directing, or implementing mental health programs. Consequently, the SME found that Mr. Jones was not qualified for the position.

For the Public Health Advisor position at the GS-13 level, applicants were required to have one year of experience "providing complex public health guidance and leadership to ensure that program and project activities in the areas of child trauma meet the needs of children, adolescents and their families affected by trauma." The human resources specialist who reviewed Mr. Jones's application found that his resume did not demonstrate the necessary specialized experience related to child trauma and determined that he was not qualified for the position.

For the Public Health Advisor position at the GS-12/13 level, applicants were required to have one year of

experience "developing policy initiatives designed to improve the organization and delivery of family planning services, training, information, and education and experience providing oversight for Title X family planning grants." The human resources specialist who reviewed Mr. Jones's application found that his resume did not demonstrate experience relating to family planning policy initiatives or Title X family planning grants and determined that he was not qualified for the position.

Mr. Jones commenced three separate proceedings at the Department of Labor claiming that HHS had violated his rights under VEOA when it found that he lacked the necessary experience for each of the three positions. The Department of Labor denied Mr. Jones's request for corrective action, and he petitioned for review by the Merit Systems Protection Board.

The administrative judge assigned to the case denied Mr. Jones's petition. The administrative judge found that HHS had properly credited Mr. Jones with all of the experience material to the three positions but found him unqualified for any of them. The full Board affirmed the initial decision, and Mr. Jones appealed to this court.

IV

Mr. Jones argues that the agency did not credit his experience when reviewing his applications for the four HHS positions. Under the VEOA, agencies are required to give a preference-eligible veteran credit for "all experience material to the position for which examined, including experience gained in religious, civic, welfare, service, and organizational activities, regardless of whether he received pay therefor." 5 U.S.C. § 3311(2); *see* 5 C.F.R. § 302.302(d). The Board's role in a VEOA appeal is limited: "the VEOA does not empower the Board to supplant the [agency's] criteria with its own." *Jones v. Dep't of Veterans Affairs*, No. 2015-3123, 2015 WL 5929394 at *4 (Fed. Cir. Oct. 13, 2015).

Mr. Jones argues that *Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316 (Fed. Cir. 2012), stands for the proposition that in a VEOA appeal, the Board must independently review whether the agency properly weighed a veteran's experiences. *Lazaro*, however, does not stand for that proposition. *Lazaro* addresses the situation in which an agency fails to take into account all of the veteran's experiences. *See id.* at 1321 ("the record indicates . . . that Mr. Lazaro did not meet the specialized experience requirements for the position because his 'experience as an assistant Automated Data Processing Applications Coordinator for 6 months did not fulfill the experience requirements for the position at GS-11 level.' There is no reference in the record indicating that Mr. Lazaro's other valuable experience was considered . . . ."). In this case, the Board found that HHS had reviewed all of Mr. Jones's recited experiences when reviewing his applications for the four positions at issue, and Mr. Jones has not shown that finding to be erroneous.

We conclude that the Board's decisions in these two cases are supported by substantial evidence. For each position at issue, the Board permissibly found that the unrebutted evidence showed that the agency considered the full range of Mr. Jones's military, post-military, and unpaid experience.

Mr. Jones also argues that he should have been granted a hearing before the administrative judge in both cases. The Board, however, has the authority to decide a VEOA appeal on the merits, without a hearing, where there is no genuine dispute of material fact and one party must prevail as a matter of law. *Haasz v. Dep't of Veterans Affairs*, 108 M.S.P.R. 349, 353 (2008); *see* 5 C.F.R. § 1208.23(b) ("[a] hearing may be provided to the appellant"). Mr. Jones has failed to create any genuine dispute as to whether the agency officials considered his entire resume for each position. Because Mr. Jones has not pointed to any genuine dispute of material fact, the ad-

ministrative judge did not err when he declined to conduct a hearing in either case.

We have considered Mr. Jones's remaining arguments but find them unpersuasive.

No costs.

**AFFIRMED**