NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RHONDA M. HARRELLE,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-1138

---

Petition for review of the Merit Systems Protection Board in No. DC-315H-15-0425-I-1.

---

Decided: March 10, 2016

---

RHONDA M. HARRELLE, Arlington, VA, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before LOURIE, BRYSON, and DYK, *Circuit Judges.*

PER CURIAM.

Rhonda M. Harrelle ("Harrelle") seeks review of the final order of the Merit Systems Protection Board ("Board") dismissing her appeal for lack of jurisdiction. *See Harrelle v. Peace Corps*, No. DC-315H-15-0425-I-1, 2015 WL 5315793 (M.S.P.B. Sept. 14, 2015) ("*Final Order*"). Because the Board correctly concluded that it lacked jurisdiction over Harrelle's appeal, we *affirm*.

BACKGROUND

In October 2014, Harrelle was appointed to an excepted-service position as a Medical Pre-Service Assistant in the Peace Corps ("Agency") under the authority of section 7(a) of the Peace Corps Act of 1961. *Final Order*, ¶ 2. In its welcome letter, the Agency stated that she was appointed for a 60-month term subject to a 12-month trial period. *Id.* In February 2015, the Agency terminated Harrelle for "continued performance concerns." Resp't's App. 86. She appealed her termination to the Board.

The administrative judge ("AJ") issued an initial decision dismissing the appeal for lack of jurisdiction, finding that Harrelle was "a Foreign Service employee in the excepted service," and thus had no Board appeal rights. *Harrelle v. Peace Corps*, No. DC-315H-15-0425-I-1, 2015 WL 1785871 (M.S.P.B. Apr. 16, 2015). Harrelle petitioned for review by the full Board. The Board denied her petition and affirmed the AJ's initial decision, except as modified by its finding that Harrelle was "an excepted-service appointee who had not completed 2 years of current continuous service." *Final Order*, ¶ 1; *id.* ¶ 8 n.6.

The Board agreed with the AJ that, because Harrelle was a member of the Foreign Service, she was specifically excluded from the definition of "employee" for purposes of Board appeal rights pursuant to 5 U.S.C. § 4301(2)(B) and § 7511(b)(6). *Id.* ¶ 7. The Board further concluded that it lacked jurisdiction for the additional reason that Harrelle, a nonpreference-eligible, excepted-service appointee, did not meet the definition of "employee" under 5 U.S.C.

§ 7511(a)(1)(C). *Id.* ¶ 8. Lastly, absent an otherwise appealable action, the Board found no basis to exercise jurisdiction over Harrelle's remaining claims, including her assertion of problems with her official personnel file, leave accrual rate, and thrift savings plan. *Id.* ¶ 9.

Harrelle timely appealed from the Board's final order to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm the Board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review a determination of the Board's jurisdiction *de novo* as a question of law, and review underlying factual findings for substantial evidence. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008).

Harrelle argues that she was wrongfully terminated. She alleges that the Agency violated its termination policy by not informing the Foreign Service Grievance Board of her termination. She also alleges that the Agency improperly removed money from her thrift savings plan. Finally, she seeks to verify her annual leave accrual rate and requests a copy of her official personnel file. The government responds that the Board properly considered all relevant facts and correctly concluded that it lacked jurisdiction over Harrelle's appeal.

We agree with the government that the Board lacked jurisdiction over Harrelle's appeal. The Board's jurisdiction is not plenary, but rather is "limited to actions made appealable to it by law, rule, or regulation." *Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1318 (Fed. Cir. 2012) (citing 5 U.S.C. § 7701(a)). As the appellant before

the Board, Harrelle bore the burden of establishing the Board's jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i). But she failed to satisfy that burden.

The record shows, and Harrelle does not dispute, that she was appointed to an excepted-service position in the Peace Corps under the authority of the Peace Corps Act of 1961. According to the Peace Corps Manual, "all Peace Corps employees other than the Director and Deputy Director are appointed members of the Foreign Service using authority contained in section 7(a)(2) of the Peace Corps Act and section 303 of the Foreign Service Act of 1980." Peace Corps Manual, MS 601, § 2.2, *available at* http://www.peacecorps.gov/about/policies/docs/manual/ (last visited March 7, 2016); *see also* 22 U.S.C. § 2506. The Board thus correctly found that Harrelle was a member of the Foreign Service.

5 U.S.C. § 4301(2)(B) and § 7511(b)(6) specifically exclude a member of the Foreign Service from the definition of "employee" who may appeal certain adverse actions, including removal, to the Board. The Board therefore did not err in concluding that it lacked jurisdiction over Harrelle's appeal.

We have considered Harrelle's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the Board's decision dismissing Harrelle's appeal for lack of jurisdiction.

**AFFIRMED**

COSTS

No costs.