NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AISHA TRIMBLE,**

*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**

*Respondent*

---

2023-1306

---

Petition for review of the Merit Systems Protection Board in No. DA-3330-22-0254-I-1.

---

Decided:  June 30, 2023

---

AISHA TRIMBLE, Dallas, TX, pro se.

DANIEL FALKNOR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, FRANKLIN E. WHITE, JR.

---

Before HUGHES, CUNNINGHAM, and STARK, *Circuit Judges.*

PER CURIAM.

Ms. Aisha Trimble appeals a decision from the Merit Systems Protection Board (MSPB) denying her request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Because the Board's findings were supported by substantial evidence and because the Board did not legally err, we affirm.

I

Ms. Trimble served on active duty in the United States Army from August 1996 through June 2000. She was honorably discharged and has service-connected disabilities at 30% or greater.

In November 2021, Ms. Trimble applied for an Executive Assistant position with the Board of Veterans Appeals (the agency) based on a job listing posted on USAJobs.gov. The listing used a merit promotion certificate and indicated that the position was only open to career transition Federal employees, current or former competitive service Federal employees, individuals with disabilities, military spouses, and veterans. Ms. Trimble qualified to apply for the position because of her status as a veteran.

On November 16, 2021, the agency notified Ms. Trimble that it would "assess [her] qualifications based upon [her] resume, the responses [she] provided in the questionnaire, as well as all other materials requested in the job opportunity announcement." SAppx24.[1] On December 10, 2021, the agency notified Ms. Trimble that she had been referred to the hiring manager. The agency also informed Ms. Trimble that she was entitled to "CPS-10-point preference" because she had a service-connected disability of 30% or more. Appx25.

---

[1]    We use "SAppx," to refer to the appendix attached to the government's response brief, and "Appx" to refer to the appendix attached to Ms. Trimble's opening brief.

The job posting indicated that the agency was seeking six Executive Assistants. After accepting applications from November 15 to November 26, 2021, the agency identified 521 candidates who preliminarily qualified for the six positions. Of these candidates, about 92 were individuals who were 30% or more disabled veterans, including Ms. Trimble.

This list of more than 500 candidates was sent to six executives (selecting officials). The list was split across three certificates of eligible candidates, and the applicants were listed in alphabetical order on each certificate. When the selecting officials were given the list of candidates, they were "reminded that while you are not required to select an internal candidate, you must consider internal applicants first." Appx15.

The selecting officials reviewed the applications and rated each candidate as either meriting or not meriting an interview based on the candidates' ability or experience in four areas: (1) supporting a senior executive (or equivalent) in the Federal service; (2) overseeing or leading tasks or programs involving compliance with deadlines or organizational change; (3) working collaboratively with executives, peers, and subordinates; and (4) supporting operations in a judicial or quasi-judicial environment. One of the selecting officials listed Ms. Trimble as a "maybe" for an interview, but ultimately she was not one of the 26 individuals interviewed.

After conducting interviews in January 2022, six candidates were extended offers. Of the individuals given offers, this record indicates that at least three are veterans or have prior military service, and at least one of the individuals has service-connected disability ratings of at least 30%. Ms. Trimble was notified that she had not been selected for an Executive Assistant position on February 9, 2022.

Ms. Trimble filed a complaint with the Department of Labor alleging that her right to compete as a preference-eligible veteran was violated. Her claim was denied because the job listing was a merit promotion announcement, and so she was not entitled to "receive veterans' preference points or priority over others." SAppx1. Ms. Trimble filed a request with the MSPB for corrective action under the VEOA, arguing that the chosen applicants had been preselected and the agency violated statutes and regulations that entitled her to veterans' preference. The Board denied her request for a hearing, holding there were no material facts in genuine dispute, and denied her request for corrective action in an Initial Decision. The Board first found that Ms. Trimble's claims of pre-selection were "speculative and not supported by evidence." Appx9. The Board also held that the Executive Assistant job listing was a merit promotion listing, to which the veterans' preference requirements do not apply.

Ms. Trimble appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

We set aside the Board's decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *McLaughlin v. Off. of Pers. Mgmt.*, 353 F.3d 1363, 1369 (Fed. Cir. 2004). Legal conclusions by the Board are reviewed de novo. *Wrocklage v. Dep't of Homeland Sec.*, 769 F.3d 1363, 1366 (Fed. Cir. 2014).

## III

Ms. Trimble's appeal raises two issues under the VEOA. The first is whether she was denied a right to

compete under merit promotion procedures. The second is whether the agency violated her rights to veterans' preference. We affirm as to both.

### A

We begin with Ms. Trimble's right to compete. Because substantial evidence supports the Board's finding that Ms. Trimble had the opportunity to compete, we affirm.

The VEOA provides that "veterans . . . may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures." 5 U.S.C. § 3304(f)(1). While this requires that preference eligible veterans have the chance to compete for such vacant positions, it does not ensure that the veteran will be selected for the position. *Joseph v. Fed. Trade Comm'n*, 505 F.3d 1380, 1384 (Fed. Cir. 2007). Here, there is no genuine dispute that Ms. Trimble is a preference eligible veteran, and that the vacancy was to be filled through merit promotion procedures.[2] The only issue is whether she had a chance to compete for the position.

---

[2] In her brief, Ms. Trimble argues "[t]here is no such thing as a Merit Promotion Announcement," and that "[t]he job opportunity was posted to USAJobs.gov as a Competitive Service vacancy announcement." Pet. Br. 6. But this argument misunderstands the law. As discussed below in section III.B, there are two separate procedures for agencies to fill a position in the competitive service: the procedures for open competition jobs and the procedures for merit promotion jobs. Here, it is clear from the certificate of eligible candidates that this job was to be filled with merit promotion procedures. Appx22 (classifying the certificate as "Competitive Merit Promotion.").

The Board found that Ms. Trimble had the opportunity to compete because the agency publicly advertised the Executive Assistant position, Ms. Trimble applied for the position, and her application was referred to the selecting officials for consideration. This is evident at least from the job posting; the emails to Ms. Trimble confirming that her application was received and that she qualified as an applicant; and the email to the selecting officials with the attached certificates, on which Ms. Trimble was listed as a candidate to consider. Though unnecessary to show an *opportunity* to compete, we know Ms. Trimble remained in competition past the initial narrowing round and into the pre-interview stage because she was listed as a "maybe" on one of the selecting official's interview lists. The record thus contains substantial evidence to support the Board's conclusion that Ms. Trimble was not denied an opportunity to compete.

Ms. Trimble argues that the agency violated her right to compete by preselecting internal candidates. Her support for this argument is an email from an agency employee instructing the selecting officials to "consider internal applicants first." Appx15. But that email also specifies that the selecting officials were not required to choose internal applications, and any remaining allegations of preselection are speculative at best. *See, e.g.*, Pet. Br., 5 ("*I strongly believe* that neither [sic] of the six Selecting Officials thoroughly reviewed 521 resumes and applications referred under the vacancy. . . . *I believe* names were randomly placed on Exhibits 12 & 13, and the Selecting Officials preselected the appointed Selectees.") (emphases added); *see also id.* at 7–8 (speculating that the timing of the offer letters to the selectees and the lack of signatures necessarily mean there was preselection). Ms. Trimble's subjective belief that the selecting officers preselected the six selectees—and her implication that the agency then created a sham job posting, drafted certificates, and interviewed 26 candidates to try to appear fair—is not supported by the

record. Rather, as explained above, there is substantial evidence that Ms. Trimble was given a fair opportunity to compete.

Ms. Trimble also alleges that she was denied a right to compete because all six selectees were current federal employees at the time of their selections, and the selectees were less experienced than her or were not veterans. First, some of these allegations are speculative and reflect only Ms. Trimble's opinions or beliefs. For example, Ms. Trimble states that one of the selectees is "possibly not a veteran," and faults the Board for using DD-214 records as proof of military service because such records "can be falsified." Pet. Br. 1–2. But nothing in the record suggests that the relevant documents *were*, in fact, falsified. Moreover, even to the extent Ms. Trimble does rely on the record, the facts that some selectees were not veterans and others had fewer years of experience as "Executive Assistants" are irrelevant. It is not up to the MSPB, in a VEOA case, to decide which of the applicants are most qualified for this position. *Miller v. Fed. Deposit Ins. Corp.*, 818 F.3d 1361, 1366 (Fed. Cir. 2016) ("[T]he VEOA does not authorize the MSPB to conduct, on appeal, a substantive review of the veteran's qualifications and adjudicate the correctness of the agency's hiring decision."). Nor was the agency required to ultimately *hire* veterans and preference eligible veterans who were outside the federal workforce. All that was required was that those individuals had the *opportunity* to compete. *Joseph*, 505 F.3d at 1384.

Finally, Ms. Trimble cites to facts developed in a hearing for a separate MSPB matter under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). But the Board did not hold a hearing here, and the hearing in the USERRA case is not part of this record. These arguments are irrelevant and do not persuade us that the Board lacked substantial evidence in concluding Ms. Trimble had an opportunity to compete.

## B

Next, we address Ms. Trimble's argument that the agency violated various statutes and regulations by not giving her veterans' preference in the application process. Besides providing a right to compete claim, "[t]he VEOA provides preference eligible veterans with a right to file a claim for any agency hiring decision that violated the veteran's rights under a statute or regulation relating to veteran's preference." *Lazaro v. Dep't of Veterans Affs.*, 666 F.3d 1316, 1318 (Fed. Cir. 2012) (citing 5 U.S.C. § 3330a). Here, Ms. Trimble argues the agency violated statutory and regulatory provisions that give veterans preference over other applicants by, for example, not applying her preference points; not creating and ranking her on a Best Qualified or Well Qualified Candidate Certificate; and not giving notice of passing her over and allowing her to object. Pet. Br. 1, 5–6.[3]

There are generally two ways for federal agencies to fill vacancies in the competitive service: (1) through open competition; or (2) through merit promotion. *Joseph*, 505 F.3d at 1381. Open competition is used when the agency seeks to fill the position with employees not already in the competitive service. *Kerner v. Dep't of the Interior*, 778 F.3d 1336, 1337 (Fed. Cir. 2015). In contrast, merit promotion is used to fill a vacancy by promoting or transferring an employee of the agency or by hiring an applicant from outside

---

[3] Apart from the right to compete provision in 5 U.S.C. § 3304(f)(1), Ms. Trimble identifies the following veterans' preference statutes: 5 U.S.C. §§ 2302(b)(11)(a-b), 3309(1), 3311(2), 3313(2), 3317(b), and 3318(c)(2-4). She also identified the following veterans' preference regulations: 5 C.F.R. §§ 332.401(a)(b) and 332.406(a)(1). These additional authorities all involve veterans' preference.

the agency who has "status" for that position. *Joseph*, 505 F.3d at 1382.

Different procedures apply depending on whether a job vacancy is filled through open competition or merit promotion. When a position is filled through open competition, the agency provides a "category rating system," by which candidates at similar levels are in the same category; and a preference eligible with a compensable service-connected disability of at least 10% must be listed in the highest quality category. 5 U.S.C. § 3319. *See also Lodge v. E.E.O.C.*, 389 F. App'x 993, 996 (Fed. Cir. 2010) (non-precedential). Within each category, preference eligible veterans must be listed above non-preference eligible individuals. 5 U.S.C. § 3319. Moreover, an agency may not select a non-preference eligible over a preference eligible in the same category unless it seeks and receives approval for a pass over. *Id.*

These same advantages do not extend to the merit promotion context. An applicant "is not entitled to veterans' preference in the merit promotion process." *Joseph*, 505 F.3d at 1383. Veterans are guaranteed only the right to apply and an opportunity to compete for a merit promotion position. *Miller*, 818 F.3d at 1359–60.

Here, the vacancy was filled through merit promotion procedures. The job posting sought to promote or transfer either Federal employees into the role, or employees who had status to apply as an individual with a disability, a military spouse, or a veteran. Appx29. And the relevant certificate of eligible candidates was explicitly labeled a "competitive merit promotion" certificate. Appx22. This reaffirms that the role was to be filled through merit promotion procedures.

Because this was a merit promotion listing, none of the open competition procedures Ms. Trimble identifies apply. *Joseph*, 505 F.3d at 1383. Thus, there are no underlying violations regarding veterans' preference that give rise to a viable VEOA claim.

IV

In addition to her merits arguments, Ms. Trimble argues that the Board denied her a right to due process by not holding a hearing. Pet. Br. 1. She also alleges that the Board violated her rights, for example, by saying that it would likely "throw out [her] Appeal before [beginning] discovery;" ignoring material facts; and allowing the government to redact names during discovery. *Id.* at 6–8.

In a VEOA appeal, "[t]he Board . . . has the authority to decide [the] appeal on the merits, without a hearing, where there is no genuine dispute of material fact and one party must prevail as a matter of law." *Jones v. Dep't of Health & Hum. Servs.*, 640 F. App'x 861, 864 (Fed. Cir. 2016) (citing 5 C.F.R. § 1208.23(b)). We agree with the Board that there was no genuine dispute of material fact about whether Ms. Trimble had the opportunity to compete for this position. Ms. Trimble did not identify any evidence disputing that the agency publicly disclosed the job position, received over 500 applications, reviewed her submission, and held 26 interviews before choosing the six selectees. We see no reversible error regarding Ms. Trimble's remaining procedural complaints and hold that the Board did not violate Ms. Trimble's procedural rights.

V

We have considered Ms. Trimble's remaining arguments and do not find them persuasive. We affirm because the Board's findings were supported by substantial evidence, the Board correctly held that Ms. Trimble was not entitled to veterans' preference, and the Board did not err in deciding these issues without holding a hearing.

**AFFIRMED**

No costs.