NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM B. JOLLEY,**
*Petitioner*

**v.**

**DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,**
*Respondent*

---

2022-2303

---

Petition for review of the Merit Systems Protection Board in No. AT-3330-18-0138-B-1.

---

Decided: December 7, 2023

---

WILLIAM B. JOLLEY, Brunswick, GA, pro se.

MATNEY ELIZABETH ROLFE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, FRANKLIN E. WHITE, JR.

---

Before TARANTO, CHEN, and CUNNINGHAM, *Circuit Judges*.

PER CURIAM.

William B. Jolley applied for two positions with the U.S. Department of Housing and Urban Development (HUD)—each one to serve as a field office director—but was not selected for either position. He then sought corrective action from the Merit Systems Protection Board, asserting that HUD had violated the Veterans Employment Opportunities Act of 1998 (VEOA), 5 U.S.C. § 3300a. The Board denied his request. *Jolley v. Department of Housing and Urban Development*, No. AT-3330-18-0138-B-1, 2022 WL 3578093 (M.S.P.B. Aug. 19, 2022); SAppx. 307–24.[1] On Mr. Jolley's appeal, we affirm the Board's decision.

I

In February 2017, HUD issued two job-vacancy announcements, each announcement addressing the same pair of job openings for field office director positions: one position in Louisville, Kentucky; the other position in Columbia, South Carolina. SAppx. 167, 308. One of the announcements (17-HUD-269) identified a merit-promotion process, and the other (17-HUD-270-P) identified an open competitive-examination process. *See* SAppx. 185–86, 196–98, 204; *see also Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1381–82 (Fed. Cir. 2007) (describing government hiring processes). Mr. Jolley, a preference-eligible veteran, was interviewed for both positions but was not selected. SAppx. 205, 308. Ultimately, both positions were filled via a merit-promotion process. SAppx. 205.

In December 2017, Mr. Jolley filed an appeal with the Board under 5 U.S.C. § 3330a, alleging that HUD's decision not to hire him for either position violated the VEOA. SAppx. 1–10. In January 2018, the assigned administrative judge dismissed the appeal for lack of jurisdiction.

---

[1]    "SAppx." refers to the supplemental appendix filed by HUD in this court with its brief as respondent.

SAppx. 101–14. Mr. Jolley sought review by the full Board, SAppx. 118–27, and in May 2022, the Board reversed the dismissal, holding that Mr. Jolley had met the requirements to establish the Board's jurisdiction to hear his VEOA appeal, and remanded the case for adjudication on the merits. SAppx. 325–29.

On August 19, 2022, the administrative judge denied Mr. Jolley's request for corrective action under the VEOA, SAppx. 307–24, relying on the written record because there were "no genuine issues of material fact in dispute," SAppx. 307–08. The administrative judge ruled that Mr. Jolley failed to establish a VEOA violation because (1) he did not show that HUD violated any statutes or regulations related to veterans' preference and (2) he was allowed to compete for both positions as required under the merit-promotion process. SAppx. 308–16. That ruling became the final decision of the Board on September 23, 2022. SAppx. 316.

Mr. Jolley timely filed his appeal on September 29, 2022, as permitted by 5 U.S.C. § 7703(b)(1)(A). We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1)(A).

II

We will affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McLaughlin v. Office of Personnel Management*, 353 F.3d 1363, 1369 (Fed. Cir. 2004) (quoting *Matsushita Electric Industrial Co. v. United States*, 750 F.2d 927, 933 (Fed. Cir. 1984)). "The petitioner [in this court, Mr. Jolley] bears the burden of establishing error in the Board's

decision." *Harris v. Department of Veterans Affairs*, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

In the present appeal, Mr. Jolley's arguments fall into two classes. First, he asserts that the Board made several factual and legal errors related to the merits of his VEOA claims. Second, he asserts that the Board committed miscellaneous procedural errors during the proceedings. We address these arguments in turn.

## A

We start by considering Mr. Jolley's challenges related to the merits of the Board's decision. "Federal agencies generally use two types of selection to fill vacancies: (1) the open 'competitive examination' process and (2) the 'merit promotion' process.'" *Joseph*, 505 F.3d at 1381. Under the competitive-examination process, applicants are given a numerical rating and placed on a list of qualified personnel for appointment. *Id.* (citing 5 C.F.R. § 2.1). The three highest-rated applicants are then considered by the appointing official, who is generally required to select one of them. *Id.* (citing 5 U.S.C. § 3318(a)). Under the VEOA, veterans receive special advantages in this process; for example, five or ten points are added to their scores, and they are ranked ahead of candidates with the same score. *Id.* at 1381–82 (first citing 5 U.S.C. § 3309; 5 C.F.R. § 337.101(b); and then citing 5 U.S.C. § 3313; 5 C.F.R. § 332.401). Under the merit-promotion process, veterans are not entitled to those hiring preferences (*e.g.*, veterans' point preferences). *Id.* at 1382. But veterans are guaranteed the opportunity to apply and compete. *Id.* (citing 5 U.S.C. § 3304(f)(1)).

A preference-eligible veteran, which Mr. Jolley undisputedly is, can present either of two types of claims to the Board under the VEOA. The first is a claim that an agency violated his rights under a statute or regulation that relates to veterans' preferences in federal employment. *See* 5 U.S.C. § 3330a(a)(1)(A). The second is a claim that an

agency denied him the opportunity to compete for a vacant position.  *See* 5 U.S.C. §§ 3304(f)(1), 3330a(a)(1)(B).

Here, Mr. Jolley appears to argue that it was error for the Board not to consider the amount of time that elapsed between the announcement of a field officer director position in Columbia and the agency's eventual filling of that position.  But he has not shown that this elapsed-time grievance gives him a VEOA claim of either of the two types.  As to the first, Mr. Jolley has failed to identify a statute or regulation related to hiring timing that is relevant to veterans' preference rights.  As to the second, Mr. Jolley was undeniably given an opportunity to compete.  He was listed on the Columbia position hiring certificates, *see* SAppx. 208–09, and was interviewed for the position, *see* SAppx. 205. *See Joseph*, 505 F.3d at 1383–84 (explaining that the petitioner was given a full opportunity to compete when he was included on the merit-promotion list and interviewed); *Abell v. Department of the Navy*, 343 F.3d 1378, 1383–85 (Fed. Cir. 2003).

Mr. Jolley next alleges that the Board incorrectly stated that vacancy announcement 17-HUD-269, with its competitive-examination process, was "for Louisville" and that vacancy announcement 17-HUD-270-P, with its merit-promotion process, was "for Columbia," SAppx. 308 n.1, 309, when in fact both vacancy announcements advertised both positions (in the two locations).  But Mr. Jolley has not shown how the Board's description produced an error in finding no VEOA claim.  He has identified no statute or regulation that is violated by dual-position announcements.  In a case in which a single position was the subject of two announcements, we found no violation and explained that, when hiring, an agency has "the discretion to fill a vacant position by any authorized method." *Joseph*, 505 F.3d at 1384–85 (citation omitted); *see* 5 C.F.R. § 330.102. Mr. Jolley has not shown a violation on the facts he describes: HUD accepted applications for the positions under both the competitive-examination and merit-

promotion processes and ultimately chose to fill both positions under the merit-promotion procedure. Mr. Jolley also was clearly given an opportunity to compete for both positions.

Relatedly, Mr. Jolley offers no sound criticism of the Board's decision when he points out that HUD did not utilize category rating in making its hiring decisions. Under the merit-promotion process, the process by which both the Louisville and Columbia positions were ultimately filled, *see* SAppx. 205, HUD was not required to use category rating. Indeed, the VEOA expressly states that the "opportunity to compete" provision which applies to the merit-promotion process, "shall *not* be construed to confer an entitlement to veterans' preference that is not otherwise required by law." 5 U.S.C. § 3304(f)(3) (emphasis added); *see also Joseph*, 505 F.3d at 1383 ("[A]n employee is not entitled to veterans' preference in the merit promotion process." (citation omitted)).

Mr. Jolley also argues that he has been "adversely affected by HUD's non-compliance with 42 U.S.C. [§] 3535(p)." Pet'r Inf. Br. at 12–13. The cited subsection relates to the reorganization of HUD field offices. The Board correctly found it irrelevant to Mr. Jolley's VEOA claim. *See* SAppx. 309–10.

Finally, Mr. Jolley appears to argue that the Board "accepted argument" about the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) and thus should have decided this case on USERRA grounds. But Mr. Jolley's USERRA claims related to these field office director positions have never been part of this appeal, *see* SAppx. 6, and indeed have already been addressed separately, by the Board and this court, *see Jolley*

*v. Merit Systems Protection Board*, 752 F. App'x 964 (Fed. Cir. 2018).[2]

## B

We now turn to Mr. Jolley's procedural arguments. First, Mr. Jolley argues that the Board erred in deciding his appeal without a hearing. We discern no error. A hearing is unnecessary if there is no genuine issue of fact that could alter the outcome. *See* 5 C.F.R. § 1208.23(b). We have recognized this familiar principle in the VEOA context before. *Jones v. Department of Health and Human Services*, 640 F. App'x 861, 864 (Fed. Cir. 2006). As discussed above, Mr. Jolley's legal arguments are unavailing, and he has failed to identify a factual dispute that could change the outcome of his case.

Finally, Mr. Jolley argues that the administrative judge who decided his case is "according to the criteria in *Lucia v. SEC*, [138 S. Ct. 2044 (2018),] not constitutionally qualified." Pet'r Inf. Br. at 13. That argument lacks merit. We have previously held that the Board's administrative judges are not principal officers under the Appointments Clause. *McIntosh v. Department of Defense*, 53 F.4th 630, 638–41 (Fed. Cir. 2022). And if the Board's administrative judges are inferior officers, the administrative judge here was properly appointed under the Appointments Clause—

---

[2] For this reason, we also deny Mr. Jolley's motion for reconsideration of our January 25, 2023 order directing him to pay the docketing fee or move to proceed in forma pauperis (if appropriate). Motion Regarding USERRA Fee Waiver, ECF No. 18; *see* Order, ECF No. 17; Order, ECF No. 20. With no USERRA claim here, Mr. Jolley is not entitled to invoke the exemption from the docketing fee applicable to petitions for review of a Board decision where the underlying appeal at the Board involved a claim under USERRA. 38 U.S.C. §§ 4323(h), 4324; Fed. Cir. R. 52 note.

by the Board's quorum as the "head[] of department[]." *See id.* at 641–42. While the Board lacked a quorum between January 7, 2017 and March 3, 2022, a reconstituted quorum of the Board, which qualifies as a "head[] of department[]" under the Appointments Clause, *id.* at 641, issued an order on March 4, 2022, ratifying prior appointments of administrative judges—including the administrative judge here. *See* U.S. Merit Systems Protection Board Ratification Order (Mar. 4, 2022), available at https://www.mspb.gov/foia/files/AJ_Ratification_Order_3-4-2022.pdf. That ratification order was issued over two months before Mr. Jolley's case was remanded for the adjudication that is the subject of the present appeal. *See* SAppx. 325–26.

### III

We have considered Mr. Jolley's remaining arguments and find them unpersuasive. For the foregoing reasons, the decision of the Merit Systems Protection Board is affirmed.

The parties shall bear their own costs.

**AFFIRMED**